OPINION
Plaintiff Kathy A. Kinney, Administratrix of the Estate of Larry D. Kinney, appeals a summary judgment of the Court of Common Pleas of Delaware County, Ohio, entered in favor of defendant Ohigro, Inc., on her complaint for common law employer intentional tort in her wrongful death claim against Ohigro. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 WITH SUFFICIENT EVIDENCE OF RECORD TO PLACE AT ISSUE WHETHER APPELLANT'S DECEDENT SUFFERED FATAL INJURIES IN THE WORKPLACE AS A PROXIMATE RESULT OF APPELLEE'S COMMON LAW EMPLOYER INTENTIONAL TORT, THE TRIAL COURT ERRED BY FINDING OTHERWISE AND SUSTAINING APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
Ohigro cross appeals, asserting the trial court erroneously granted summary judgment in favor of appellant on her motion for partial summary judgment, finding R.C. 2745.01 is unconstitutional. Appellee's cross assignment of error states:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED WHEN IT RULED THAT R.C. SECTION 2745.01 IS UNCONSTITUTIONAL.
Appellant's statement pursuant to Loc. App. 4 asserts the trial court's summary judgment in favor of Ohigro, Inc., was inappropriate because genuine disputes exist as to material facts. Cross appellee does not attach a separate Loc. App. 4 statement, but argues in its brief the trial court's decision declaring R.C. 2745.01 unconstitutional was incorrect as a matter of law.
Civ.R. 56(C) states in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing all the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
As the trial court correctly pointed out in its judgment entry of February 25, 1997, the moving party bears the initial burden of informing the trial court of the basis for its motion, and identifying the portions of the record which demonstrate the absence of any dispute of material fact, Dresher v. Burt (1996),75 Ohio St.3d 280. The moving party may not merely make a conclusory assertion that the non-moving party has no evidence to prove its case, but must be able to specifically point to evidence demonstrating the non-moving party has no evidence to support its claims, Vahila v. Hall (1997), 77 Ohio St.3d 421. Thereafter, the non-moving party has a reciprocal burden of coming forward with evidence pursuant to Civ.R. 56(E) which demonstrate there is a genuine issue for trial, Id.
The trial court found the facts were not in dispute, although appellant argues reasonable minds could come to different conclusions from the undisputed facts.
On September 23, 1996, appellant's decedent died as a result of crushing injuries sustained while he was filling bags of fertilizer within the course and scope of his employment. Decedent was working at the Delaware, Ohio, plant facility of appellee Ohigro, Inc. Ohigro is in the business of formulating and supplying fertilizer products.
Decedent worked by bagging and sewing filled bags of fertilizer. Decedent collected the fertilizer into bags from a position beneath a collection bin or hopper. Releasing fertilizer through a funnel at the bottom of the hopper, decedent filled fifty pound bags of fertilizer. At the time of the accident, the hopper was loaded with approximately three tons of fertilizer suspended over decedent. The prescribed blend of fertilizer product had been placed in the suspended hopper by means of a conveyor system.
In approximately 1991, appellee's employee, Roger Knauber designed, constructed, and installed the hopper. It was built as a four-sided bin with a bottom configured as a four-sided funnel. The mouth of the hopper dispensed fertilizer into bags at the control of the operator. The hopper was constructed with three-quarter inch plywood for the body of the hopper, including the sidewalls of the funnel. Steel angle iron edging was bolted to connect the plywood sidewalls of the funnel. The rest of the structure was plywood fixed in place with nails. The trial court found construing the facts in favor of appellant, that appellee had no systematic plan for inspection, but rather, at the completion of each fertilizer order, Ohigro maintenance personnel entered the bin for the purposes of cleaning and inspecting the hopper. Appellee's employees did inspect the hopper several days before the incident, and discovered no structural problems. However, on September 26 1996, as decedent worked beneath the loaded hopper, it collapsed on him, causing his death.
Turning first to the cross assignment of error, appellee cross appellant Ohigro urges the trial court should have refrained on ruling on the constitutional issue because the record presented other grounds upon which the court could enter a decision. The common pleas court found R.C. 2745.01 violates the equal protection clause because no legitimate interest exists to justify different treatment of similarly situated persons, that is, employee victims versus non-employee victims. The common pleas court found no legitimate interest exist to impose a higher degree of proof, clear and convincing evidence, on similarly situated persons alleging an intentional tort. The court found requiring an employee to demonstrate his employer deliberately and intentionally injured the employee was a standard different from any other intentional tort, which merely requires proof of intent.
Ohigro cites us to Gladon v. Greater Cleveland RegionalTransit Authority (1996), 75 Ohio St.3d 312, as authority for the proposition a court should not decide constitutional issues when the record presents some other ground upon which the court may rest its decision.
Appellant's complaint sets forth six causes of action, common law, intentional tort, statutory employer intentional tort, statutory product liability for manufacturing defect, statutory product liability for design defect, statutory product liability for inadequate warnings or instructions, and statutory product liability for supplier liability. The trial court's ruling on the product liability causes of action has not been appealed by either party, and only the statutory and common law intentional tort are issues before us.
We find the trial court correctly addressed the issue of constitutionality because the issue of the constitutionality of R.C. 2745.01 was central to the claims presented by appellant, and the defenses raised by appellee. The trial court's analysis of appellant's common law claims in the death of appellant's decedent were inextricably tied to the constitutional issue. The common law tort count in appellant's complaint depends upon the court's decision on the constitutionality of the separate statutory tort claim. Accordingly, we find the trial court did not err in addressing the issue of the constitutionality of R.C. 2745.01.
Appellant does not assign error to the trial court's resolution of the constitutionality of the issue, and accordingly, we need not address those merits.
The cross-assignment of error is overruled.
In appellant's assignment of error she asserts the trial court incorrectly concluded she was unable to meet her burden opposing the motion for summary judgment with regard to common law employer intentional tort claims. As appellant correctly points out, because R.C. 2745.01 is unconstitutional, the merits of appellant's wrongful death claims alleging employer intentional tort under common law must be decided upon the standard articulated in Fyffe v. Jeno's, Inc. (1991), 59 Ohio St.3d 115.
The trial court found in order to prevail on common law employer intentional tort, appellant must demonstrate:
 1) knowledge by the employer of the existence of the dangerous process, procedure, instrumentality, or condition within business operation;
 2) Knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be of substantial certainty; and
 3) That the employer, under such circumstances, and with such knowledge, required the employee to continue to perform the dangerous tasks,
 Fyffe, supra, syllabus by the court, paragraph one.
The trial court's judgment of February 25, 1997 analyzes each of the elements in turn.
 Knowledge of the Dangerous Instrumentality
The trial court found appellant failed to allege facts tending to show the employer had the knowledge of the existence of the dangerous instrumentality within its business operation. Appellant presented the affidavit of an expert witness, Dr. John F. Wiechel. Dr. Wiechel reviewed photographs of the equipment which failed, causing decedent's death. Dr. Wiechel has a Ph.D. in bio-mechanical engineering. Dr. Wiechel offered the opinion the equipment failed because the weight of the bin and its contents was more than the nails used to assemble the bin could bear. After approximately six years of use, the fertilizer dust had ample time to diffuse into the cracks between the two by four's and vertical walls, and corrode the nails by means of a chemical reaction, causing the bin to collapse under the weight of the fertilizer. Dr. Wiechel also opines although appellee periodically inspected the bin visually, the nails which eventually failed would not be visible during such an inspection and appellee would not be aware of their degraded condition.
The trial court found appellant failed to set forth sufficient facts showing Ohigro had knowledge of the existence of the dangerous instrumentality within its operation. The court found appellant must show Ohigro had knowledge the fertilizer dust could diffuse through the cracks in the wood and come in contact with steel nails holding the hopper together. The court found no evidence defendant had this knowledge.
We do not agree. Numerous employees of Ohigro deposed they were well aware of the corrosive effect fertilizer had on metal. Knauber, the person primarily responsible for building the bin, suggested the corrosive effect of fertilizer on metal was the probable reason why plywood was used for the body of the bin. Jerry Ward, one of the owners of Ohigro, also admitted in his deposition being aware of the corrosive effect of the fertilizer on metal. Likewise, the assistant manager, Raymond Brenner, was, according to his deposition, aware of the effect of the fertilizer on metal. Given this information, reasonable minds could infer from the undisputed facts Ohigro employees knew or should have known the metal connections and seams of the plywood bin, were at risk of corrosion over a period of time.
We find the trial court erred, because reasonable minds could draw different inferences from the undisputed facts.
 Substantial certainty of harm.
The second prong of the Fyffe test is designed to distinguish intentional torts from accidents for which Workers' Compensation provides a sole remedy. In Fyffe, the Supreme Court held if an employer knows injuries to employees are certain or substantially certain to result because of the condition of its premises, and the employer still proceeds, then the employer is treated as if it had in fact desired to produce the result. Mere knowledge and appreciation of a risk, short of substantial certainty, does not demonstrate intent, Fyffe, syllabus by the court, paragraph two.
This particular fact pattern presents a very close question. In order to find Ohigro intended this injury to decedent, a jury must find Ohigro possessed substantial certainty the bin would collapse. A jury could, presumably, find the bin was much more likely to collapse when it was loaded with fertilizer, and also could find it was much more likely an employee would be under the bin, working with it, when the bin was loaded with fertilizer. Also, the depositions of the persons who actually worked with the bin and the conveyor belt which fed it indicate when the conveyor belt was used there was some slight vibration, not present when the conveyor belt and bin were not in use. This vibration could presumably add to the risk of collapse.
Although it is an extremely close issue, we find reasonable minds could differ regarding whether Ohigro knew there was a substantial certainty one of its employees would be injured.
Requiring of an employee to continue performing a dangeroustask.
Finally, the court found appellant has alleged no facts to show Ohigro did actually require decedent to continue to perform the dangerous task. The court concedes decedent's job assignments sometimes required he work under the hopper. The fact other employees might also be directed to fill bags under the hopper is not legally significant.
Although this case presents an extremely difficult fact pattern, we find the trial court should not have decided this case as a matter of law. Difficult fact patterns are precisely the ones which the jury should review. We conclude the trial court should not have entered summary judgment in favor of Ohigro on appellant's common law tort action.
The assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, P.J., Hoffman, J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio, is affirmed in part and reversed in part, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellee.