OPINION
Plaintiff Randy Metler appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, which granted summary judgment to defendant Jeffrey Murray, dba, Madison Forklift, Inc., on Metler's claims for fraud, unjust enrichment, and quantum meruit. Metler named other parties as defendants in the complaint, but none of those defendants are parties to this appeal. Metler assigns two errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR 1:
 THE COURT BELOW ERRED AS A MATTER OF LAW BY DISMISSING, UPON SUMMARY JUDGMENT, RANDY METLER'S CLAIM AGAINST MADISON FORKLIFT UPON THE BASIS THAT MADISON FORKLIF [SIC] AND JEFF MURRAY, ITS OWNER, HAD NO DUTY WHATSOEVER TO DISCLOSE TO RANDY METLER THAT THE SCRAP PLASTIC IN THIS CASE WAS NOT RECYCLEABLE [SIC].
ASSIGNMENT OF ERROR 2:
 THE COURT BELOW ERRED AS A MATTER OF LAW BY DISMISSING, UPON SUMMARY JUDGMENT, RANDY METLER'S CLAIM AGAINST MADISON FORKLIFT FOUNDED UPON THE DOCTRINE OF UNJUST ENRICHMENT BY FAILING TO DISTINGUISH BETWEEN THE DOCTRINES OF CONTRACTS IMPLIED IN FACT, AND CONTRACTS IMPLIED IN LAW.
Metler's summary judgment statement, attached to his brief pursuant to Loc. App. 9 asserts the summary judgment was inappropriate as a matter of law. Metler disputes certain facts but concedes the trial court may not have considered them material. The trial court's entry granting summary judgment recites certain undisputed facts. In the summer of 1995, appellee Murray obtained a judgment against Plymouth Leasing Company to remove over 40 semi-tractor truckloads of scrap plastic from the premises being leased by Madison Forklift from Plymouth Leasing. Plymouth Leasing retained R. Mosier to remove the plastic. Mosier discovered the plastic was not re-cyclable, and attempted to landfill some of the plastic. The Richland County Department of Health issued a citation against Mosier for the attempted landfill. The Health Department citation was a public matter, reported in the Mansfield newspaper. Appellant Metler did business primarily in Knox County, but also operated an aluminum exchange in Mansfield just down the street from the premises in question. Mosier entered into a contract with Metler for Metler to remove the plastic. Metler later maintained, and the trial court apparently agreed, the contract only made sense if the plastic was recyclable. Metler asserted he had been told that the plastic was recyclable, although not by appellee Murray or his employees at Madison Forklift. Trucking and land filling the plastic cost over $80,000, exclusive of labor. The contract between Metler and Mosier specified Mosier would pay a total of $8,500.00 for the removal of the scrap plastic. The trial court also noted appellee Murray had leased the property from Plymouth Leasing with the intention of using the premises in his forklift business. Civ.R. 56 (C) states in pertinent part: Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc.(1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987), 30 Ohio St.3d 35.
 I
In his first assignment of error, Metler argues the court erred as a matter of law in holding appellee Murray dba Madison Forklift had no duty to disclose to Metler the scrap plastic was not re-cyclable. The trial court held appellee Murray could only be liable for failure to disclose if Murray had a duty to Metler to disclose a material fact, but failed to do so, Judgment entry, pages 2-3, citing Cohen v. Lamko, Inc. (1980), 10 Ohio St.3d 167. The court found Murray had no duty to disclose this information. The court noted appellant Metler was in the recycling business, while appellee Murray had no expertise in the field. The court also found no business relationship between the two parties. Metler sub-contracted with Mosier, who contracted with Plymouth Leasing. The court found appellee Murray had no duty to give Metler any advice about the contract. The court also noted Metler's recycling business was just down the street from the premises where the plastic was located, and the Health Department order about the plastic had been published in the local newspaper. Metler argues Murray, dba Madison Forklift was essentially a third-party beneficiary who benefitted from the removal of the plastic from the premises it was leasing. Murray responds he had a court order requiring Plymouth Leasing to remove the plastic, and had no reason to deceive anyone in order to have it removed. We agree with the trial court Murray dba Madison Forklift had no duty to disclose any information to appellant Metler. Although Murray dba Madison Forklift had secured the court order requiring Plymouth Leasing to removed the scrap plastic, it was not a party to the contract between Plymouth Leasing and Mosier, nor to the subcontract between Mosier and appellant Metler. We find the trial court correctly granted summary judgment as a matter of law on the issue of fraud. The first assignment of error is overruled.
 II
In his second assignment of error, appellant Metler argues the trial court erred as a matter of law by dismissing his claims based upon unjust enrichment and quantum meruit. The trial court noted the law will imply a contract where none existed if the plaintiff performs services to the defendant's benefit with defendant's knowledge, and also if the defendant knew or should have known plaintiff was performing the services with the expectation of payment by the defendant. The court found as a matter of law on the undisputed facts appellant Metler could not meet these conditions. The court found Plymouth Leasing, and Mosier received the direct benefit of Metler's work. The court also found as a matter of law there was no reason Murray should have anticipated Metler expected payment from Madison Forklift. We agree with the trial court the services Metler performed directly benefitted Plymouth Leasing, which was under a court order to remove the plastic, and Mosier, the person who had originally contracted to remove the plastic. We agree with the trial court Metler has not demonstrated Murray dba Madison Forklift was unjustly enriched, or received a benefit at Metler's expense, for which it should compensate Metler. The second assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.
By Gwin, J., Wise, P.J., and Edwards, J., concur