OPINION
Plaintiff Michael E. Smith appeals a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of defendant Armco, Inc., on appellant's action for retaliatory discharge. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL JUDGE ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT PURSUANT TO OHIO CIVIL PROCEDURE RULE 56 AS THERE WERE "GENUINE ISSUES AS TO MATERIAL FACT"; THEREFORE, SUMMARY JUDGMENT WAS NOT APPROPRIATE.
Appellant has failed to comply with our Loc. App.R. 9, which requires appellant attach to his brief the judgment entry appealed from, and, where a summary judgment is appealed, a statement on a separate page following the assignments of error stating whether the claim is the judgment was inappropriate as a matter of law or because a genuine dispute exists as to the material facts or fact. If the appellant claims the judgment was inappropriate because there is a genuine dispute as to a material fact, the appellant must also set forth a separate statement identifying the specific fact, issue or issues claimed to have been material and in genuine dispute. The trial court's entry on summary filed January 7, 2000, states the essential facts are not disputed. The court recited the facts: Plaintiff Michael Smith is a member of the United Steel Workers and employed by defendant Armco, Inc., a Mansfield Steel Mill. There is a collective bargaining agreement which governs the employment relationship. Appellant was injured in 1985 on the job. He continues to receive Workers' Compensation benefits for his injuries, and only sporadically worked from 1985 until January 8, 1993. At that time appellant asserted he was physically disabled and unable to perform the job duties The trial court noted Article II, Paragraph D of the Collective Bargaining Agreement allows appellee Armco to terminate an employee who is absent because of a physical disability after the employee has been absent for five years. On April 26, 1999, Armco sent appellant a letter telling him he was separated from his employment effective January 8, 1998, which was five years after his last day of work. Appellant filed a grievance under the grievance procedure outlined in the collective bargaining agreement. At the time the summary judgment was entered, the grievance was still pending. Appellant filed this action under R. C. 4123.90, contending Armco had discharged him in retaliation for filing his Workers' Compensation claims. Civ.R. 56 (C) provides in pertinent part:
Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. American States Insurance Company (1981), 67 Ohio St.2d 427 at 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse Transfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. A reviewing court reviews a summary judgment by the same standard as a trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35. In Vahila v. Hall (1997), 77 Ohio St.3d 421, the Ohio Supreme Court outlined the summary judgment procedure. First, the moving party must state specifically which areas of the opponent's claim raised no genuine issue of material fact. The moving party cannot discharge its initial burden by a conclusory assertion that the non-moving party cannot prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56 which affirmatively demonstrates the non-moving cannot support its claims. If the moving party fails to sustain its initial burden, the trial court must overrule the motion for summary judgment. If the moving party has satisfied its initial burden, the non-moving party then has a reciprocal burden outlined in the rule to set forth specific facts showing that there is a genuine issue for trial. If a non-movant does not respond appropriately, the summary judgment shall be entered against a non-moving party if warranted by law., Vahila at 429, citations deleted. The trial court noted the Federal Labor Management Relations Act preempts state courts from taking jurisdiction over disputes which should involve the interpretation of a labor contract, see Allis-Chambers Corporation v. Luek (1985), 471 U.S. 202. The court found the collective bargaining agreement between the parties gives the employer the right to terminate or separate disabled employees after they have been absent a specific number of years. The trial court found appellant's action was a challenge to the employer's collective bargaining rights. The trial court found the suit necessarily involves interpreting the collective bargaining agreement, and for this reason, the trial court found its jurisdiction was pre-empted by federal law and the bargaining agreement. The trial court specifically found pursuant to Allis-Chambers, supra, that characterizing the action as a tort rather than a contract claim does not defeat federal pre-emption. The trial court cited our case of Carl Pennington v. Timken Company (May 31, 1988), Stark App. No. CA-7389, unreported. In Pennington, this court cited the U.S. Supreme Court's case of Allis-Chambers, and found a plaintiff cannot subvert collective bargaining procedures where the claims are substantially dependent upon the terms of the contract. The trial court found appellant's remedy was to pursue his grievance and exert his contractual rights. The court opined if appellant is successful, the separation will be reversed, and if he is unsuccessful, then the discharge was not retaliatory, but rather pursuant to the contract. Appellant points to the long history of this claim, which dates from 1985. Appellant asserts the employer has made a practice of contesting his entitlement to benefits, and suggests this course of conduct demonstrates the employer's animosity towards him for pursuing his Workers' Compensation claims. Appellant also notes if the employer were to use the union contract to terminate him, his termination date would have been January 8, 1998. Instead, appellee waited 15 months, until April 26, 1999, to retroactively terminate the appellant. Appellant urges this demonstrates the termination of the union contract is pretextual, and the real reason he was discharged was for pursuing his rights under the Workers' Compensation Act. Even if appellant is correct in his assertions, the issues in this case remain subject to interpretation of the Collective Bargaining Agreement. The gravamen of appellant's assertions are that the employer did not properly implement its rights under the Collective Bargaining Agreement, and for this reason, the discharge provisions did not apply to appellant. We find the trial court properly found it did not have jurisdiction to interpret the Collective Bargaining Agreement, but rather, this matter is preempted by the agreement and by federal law. The assignment of error is overruled. Because we overrule appellant's assignment of error, we do not reach appellee's cross assignments of error raised pursuant to R.C. 2505.22, in support of the trial court's judgment.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.