INLAND REFUSE TRANSFER CO. ET AL., APPELLANTS, *v.*
BROWNING-FERRIS INDUSTRIES OF OHIO, INC. ET AL., APPELLEES.

[Cite as Inland Refuse Transfer Co. *v.* Browning-Ferris Industries
of Ohio, Inc. (1984), 15 Ohio St. 3d 321.]

(No. 83-1826—Decided December 31, 1984.)

---

[1] The disagreement as to the duration of the Landfill Agreement apparently had arisen prior to tender of payment on the Note by Inland. Inland had allegedly refused to allow BFIO trucks access to the Landfill. BFIO had brought an action styled *Browning-Ferris Industries of Ohio, Inc.* v. *Inland Refuse Transfer Co. et al.,* case No. 79004703, seeking damages and injunctive relief. That action was eventually consolidated with the declaratory judgment action.

*Climaco, Seminatore, Lefkowitz & Kaplan Co., L.P.A.,* and *Mr. John R. Climaco,* for appellants.

*Messrs. Baker & Hostetler, Mr. Albert J. Knopp* and *Ms. Belinda J. Scrimenti,* for appellees.

*Per Curiam.* This appeal raises three issues. First, whether summary judgment was appropriate in determining the intended duration of the Landfill Agreement. Second, whether Inland was improperly denied discovery. Third, whether the Landfill Agreement is void as a covenant in restraint of trade.

Civ. R. 56(C) provides that summary judgment shall be rendered only if there "is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241 [7 O.O.3d 403]. However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term. *Hallet & Davis Piano Co.* v. *Starr Piano Co.* (1911), 85 Ohio St. 196.

The issue in this case is the duration of the Landfill Agreement. However, the Agreement fails to expressly state the duration — whether that may be for a specific term, or until the occurrence of a particular event, such as the payment of the Note or the filling of the Landfill. BFIO

contends, however, that the duration can be clearly and unambiguously supplied by implication from express terms of the Land Contract.

BFIO first cites a portion of the Land Contract which provides, in relevant part, as follows:

"As further consideration for the premises, the Vendee [Inland], concurrently herewith, has entered into a Landfill Agreement with the Vendor [BFIO] * * *."

This provision clearly does not indicate the duration of the Landfill Agreement. An obligation of limited duration may suffice as legal consideration as well as one for the useful life of the property.

Next, BFIO relies upon a provision of the Agreement which states:

"All of the representations and warranties * * * [in] this Agreement shall survive the Closing Date until the Promissory Note has been fully paid and all performance has been completed under the Land Contract, this Agreement, the Landfill Agreement and the Pledge Agreement * * *."

This provision acknowledges that Inland has a variety of obligations. It does not, however, provide when they are fulfilled, let alone clearly and unambiguously provide that the Landfill Agreement shall continue for the useful life of the Landfill.[2]

BFIO also contends that provisions making the Landfill Agreement an encumbrance on the title indicate that the obligation was to continue after the Note was paid and the title was transferred. However the title could also be transferred before the Note was paid if BFIO exercised its option to convey the title early and receive a mortgage to secure the Note. Thus, the Landfill Agreement could be an encumbrance on the title and still terminate when the Note was paid.

Finally, BFIO cites the preferential fee schedule which states, in pertinent part:

"A. During the first five years of this Agreement, BFIO shall pay Inland an amount equal to 50 cents per cubic yard of waste material (compacted or loose) delivered to the Site.

"B. For each contract year of this Agreement, commencing with the sixth such contract year: * * *"

BFIO maintains that this indicates that the Landfill Agreement was to survive the Note, whose original term was only five years. It may also be interpreted as merely providing for the contingency of the Note not being paid as originally scheduled, such as in the case of a default. This would be consistent with Inland's contention that the Landfill Agreement terminates whenever the Note is paid, whether prepaid, at maturity, or thereafter.

It is conceded that there is no term in the Land Contract that ex-

---

[2] BFIO cites several other similarly worded sections which merely acknowledge that Inland has several obligations, but do not indicate at what point they are discharged.

pressly states the duration of the Landfill Agreement. After a careful review of the record, we conclude there is also an absence of any provision whose sole possible interpretation clearly and unambiguously supports only one party's position as to duration. Inasmuch as reasonable minds could differ as to the termination date, summary judgment on the issue was inappropriate.

Next we turn to the issue of whether discovery was improperly denied to Inland.

The trial court's denial of discovery was premised on its conclusion that the express terms of the Land Contract provided the duration of the Landfill Agreement. The evidence sought would not have been admissible to contradict the express terms of the Agreement. *Blosser* v. *Enderlin* (1925), 113 Ohio St. 121. However, evidence is admissible when the court must construe an ambiguous or missing term. In light of our conclusion that the express terms of the Land Contract did not provide for the duration of the Landfill Agreement, it follows that evidence would be admissible on that issue and discovery should be allowed.

Finally, we address Inland's contention that the Landfill Agreement is void as a covenant in restraint of trade. The problem with this argument is that the Land Contract does not restrain any competitors, actual or potential, nor does it facilitate collusion. Since the Land Contract does not restrain competition, it clearly cannot be an illegal restraint.

For the foregoing reasons we hold that summary judgment was improperly granted and discovery improperly denied.

The judgment of the court of appeals is reversed and the cause is remanded to the trial court for further proceedings not inconsistent herewith.

*Judgment reversed*
*and cause remanded.*

CELEBREZZE, C.J., SWEENEY, C. BROWN and J. P. CELEBREZZE, JJ., concur.

W. BROWN, LOCHER and HOLMES, JJ., dissent.

HOLMES, J., dissenting. I totally disagree with the majority opinion which reverses the appellate court's ruling on the first two issues presented. Therefore, I dissent.

In their first proposition of law, appellants contend that summary judgment is improper when the issue involves the duration of a contract and such duration is not specifically stated in the Agreement. Appellants argue that an affidavit submitted by James Palladino, the president and sole shareholder of Inland, created an issue of fact in that it was his im-

pression the purchase agreement package would terminate once the purchase price was satisfied.

While summary judgment cannot be granted if there exists a genuine issue of a material fact, it is well-established that construction of a written contract is a matter of law to be determined by the courts. *Alexander* v. *Buckeye Pipe Line Co.* (1978), 53 Ohio St. 2d 241 [7 O.O.3d 403], paragraph one of the syllabus. Where the terms in a contract are clear, this court cannot, as it does here, create a new agreement by finding a different intent from that which is expressed in the contract. *Id.* at 246; *Blosser* v. *Enderlin* (1925), 113 Ohio St. 121, paragraph one of the syllabus; *Fidelity & Casualty Ins. Co.* v. *Hartzell Bros. Co.* (1924), 109 Ohio St. 566.

A careful and fair reading of the documents in question would reasonably lead one to conclude that the expressed terms of the Land Contract demonstrate the parties' intent that Inland's obligations do not end upon its final payment on the Promissory Note but continue throughout the existence of the landfill.

A specific indication of the parties' intent is found in the relationship between the Promissory Note and the Landfill Agreement. Under the Promissory Note, payments were to be made for five years in twenty quarterly installments. Conversely, the Landfill Agreement provided Browning-Ferris with a favorable five-year fee schedule for the use of the landfill and then set forth a comparable fee formula for each year thereafter. It is reasonably clear that if the parties had intended the Landfill Agreement to terminate at the end of the Promissory Note's five-year term, they would have had no reason to concern themselves with a fee schedule for the sixth and following years. Thus, I denote from this language a clear intent to place a continuing obligation on Inland throughout the useful existence of the sanitary landfill.

Due to the manifest terms of the documents, it is improper for this court to review parol evidence which would alter the parties' intentions. *Blosser, supra; Hartzell Bros. Co., supra.* Furthermore, rules of construction are only to be used in ascertaining the intent of the parties when the language is ambiguous. The rules cannot be invoked when the language is clear and the meaning is apparent as the terms of the Agreement are to be applied and not interpreted. *Carroll Weir Funeral Home* v. *Miller* (1965), 2 Ohio St. 2d 189, 192 [31 O.O.2d 402]. Therefore, it is improper to consider appellant Palladino's affidavit.

In their second proposition of law, appellants contend that the trial court committed reversible error in not affording them sufficient time for discovery in order to respond to appellees' motion for summary judgment. They cite *Rossman* v. *Rossman* (1975), 47 Ohio App. 2d 103 [1 O.O.3d 206], as support for their argument.

I find this argument without merit as appellants' stated purpose for the discovery was to demonstrate the parties' alleged intent that all obligations under the purchase agreement terminated upon payment of

the purchase price. As stated above, such evidence is not admissible in light of the clear language of the contract.

Accordingly, I would affirm the judgment of the court of appeals.

W. Brown, and Locher, JJ., concur in the foregoing dissenting opinion.