OPINION
Defendants Frank Parrella, Jan Wendling, David Scheurer, Timothy McClaran, and R. Brooks Whitmore appeal a summary judgment of the Court of Common Pleas of Richland County, Ohio, entered in favor of plaintiffs Debra Bruce, individually and as guardian and next friend of Dante Bruce, a minor, finding the defendants were not entitled to a dismissal of the complaint based upon the defense of qualified immunity against plaintiffs' civil rights claim alleging the defendants unlawfully entered and searched their residence, in violation of their constitutional rights. Appellants Parrella, Wendling, and Scheurer are police officers with the City of Mansfield while appellants McClaran, and Whitmore are police officers for the Village of Ontario, both in Richland County, Ohio. Two appeals were filed, which are consolidated for our purposes. Officers Parrella, Wendling, and Scheurer assign a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT OFFICERS PARRELLA, WENDLING, AND SCHEURER WERE NOT ENTITLED TO QUALIFIED IMMUNITY FOR APPELLEES' CIVIL RIGHTS CLAIMS.
Officers McClaren and Whitmore also assign a single error to the trial court:
ASSIGNMENT OF ERROR
 THE TRIAL COURT ERRED IN HOLDING THAT ONTARIO CHIEF OF POLICE McCLARAN AND OFFICER WHITMORE WERE NOT ENTITLED TO QUALIFIED IMMUNITY WITH RESPECT TO APPELLEE'S CIVIL RIGHTS CLAIM.
The parties both assert in their statements pursuant to App. R. 9, that the judgment of the trial court was inappropriate as a matter of law on the undisputed facts. The trial court found a factual issue exists as to the officers' entitlement, to qualified immunity, except for Mansfield City Chief of Police, Lawrence Harper, who is not a party to this appeal, for whom the court entered summary judgment because it found the Chief was not involved in the search or the decision to make the search. The court did grant summary judgment in favor of the officers on appellees' state law trespass and invasion of privacy claims, but denied summary judgment on the civil rights claims. Appellees filed a cross assignment of error, but have withdrawn it.
The parties concede certain facts are undisputed. At approximately 7:45 p.m. on February 21, 1996, two young men armed with a shot gun robbed the SuperKmart in Ontario, Richland County, Ohio. The Ontario Police suspected appellee's eldest son, Robert Bruce, was involved in the robbery. The officers secured backup assistance from the Mansfield Police Department, and went to the Bruce residence.
Appellee Dante Bruce, age thirteen at the time, answered a single police officer's knock on the door. Dante testified the officer told him the police had been trying to contact the Bruce residence by telephone but the phone lines were down. Dante invited the officer inside, and the officer used the telephone to call the police station. Afterwards, the officer informed Dante there had been a robbery and the police believe Dante's brother had been involved. Dante became uncomfortable when the officer questioned him about his brother Robert and Robert's friends, and eventually, Dante asked the officer to leave. The officer left without searching the Bruce residence.
Thereafter, five or six police officers from both Ontario and Mansfield arrived at appellees' residence and two officers went to the door. Dante permitted police to enter because they insisted. Dante testified he felt frustrated and harassed because the police questioned him so closely regarding whether his brother was in the home.
The police searched for approximately ten minutes, looking under beds, in closets, and in the basement. No property damage was done. It appears Robert Bruce was not on the premises.
Appellees brought suit, charging appellants had violated their constitutional rights pursuant to 42 U.S.C. § 1983. The officers defended claiming qualified immunity. Governmental officials performing discretionary acts are entitled to qualified immunity from suit unless their conduct is objectively unreasonable as measured by reference to clearly established law,Davis v. Scherer (1984), 468 U.S. 183 at 191. A discretionary act is one that entails examining facts, reaching conclusions, and acting on them in a way not specifically directed. In other words, it is the result of deliberation or judgment, Davis v.Holley (1987 6 Cir.), 835 F.2d 1175.
The ultimate burden is on the plaintiff to show the defendant is not entitled to qualified immunity, even though qualified immunity is an affirmative defense. The defendant must come forward with facts suggesting the officer was acting within the scope of his discretionary authority, and thereafter, the burden shifts to the plaintiff to establish the defendant's conduct violated her rights and clearly establish that any official in the defendant's position would have clearly understood he had a duty to refrain from the conduct complained of, see Cook v. City ofCincinnati (1995), 103 Ohio App.3d 80, citing Malley v. Briggs
(1986), 475 U.S. 335 at 341.
The trial court found the Fourth and Fourteenth Amendments to the United States Constitution protects citizens from warrantless searches of their residences by police officers. A citizen may waive protection and give a voluntary consent to a warrantless search, Schneckloth v. Bustamonte (1973), 412 U.S. 218. A minor may waive his constitutional rights, although special care should be taken to assure the waiver is voluntary, In Re: Gault (1967), 387 U.S. U.S. 1.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed fact, Hownshell v. American States Insurance Company
(1981), 67 Ohio St.2d 427, 433. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. This court will review a summary judgment by the same standard the trial court used, Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35.
Appellant also argues appellees failed to produce evidence the officers here clearly violated established law, and for this reason, the court should have found the defense of qualified immunity was a viable defense. The trial court found, however, the question of qualified immunity was inappropriate for summary judgment, and should be submitted the jury to resolve the question of whether thirteen year old Dante Bruce was coerced or harassed into giving an involuntary consent to the search.
Once a defendant raises the issue of qualified immunity, the plaintiff has the burden of showing the defendant violated clearly established law, Ohio Civil Service Employees Association v.Seiter (1988, 6 Civ.) 858 F.2d 1171. If the plaintiff's allegations do not demonstrate a violation of clearly established law, the court should grant summary judgment as a matter of law,Id. A violation of clearly established law must be so clear as to leave no doubt in the mind of a reasonable officer that his conduct was unconstitutional, Id.
The standard enunciated above appears almost to require a court to enter summary judgment on behalf of the defendants unless it finds it must enter a judgment for plaintiffs. In other words, unless the facts so clearly demonstrate defendants lose, then they must win.
We find the trial court should have granted summary judgment in favor of appellants. Appellees' evidence was insufficient as a matter of law to sustain their claims.
Both the assignments of error raised by the appellants are sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion.
By Gwin, J., Farmer, P.J, and Wise, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with law and consistent with this opinion. Costs to appellants.