OPINION
This timely appeal arises from a Mahoning County Court of Common Pleas judgment adopting a magistrate's decision which granted Appellee declaratory judgment. For the following reasons, we reverse the trial court judgment and remand to the trial court for proceedings pursuant to this opinion.
The parties in this matter have stipulated to the following facts: Gregory Christopher and Charles Christopher, doing business as Colonial Auto Sales and/or John Glen Motors (Colonial), were in the business of trading and selling new and used motor vehicles. As part of its regular course of business, Colonial utilized various individuals to drive vehicles to and from various auto auctions, including one located in the Columbus, Ohio area. Norman C. McMichael, acting as an independent contractor, drove vehicles for Colonial to and from the various auto auctions. McMichael also performed this service for eight or nine other auto dealers in the local area.
On September 7, 1993 and upon Colonial's request, McMichael contacted William V. Shuback, Graber M. Durr and three other individuals to drive vehicles owned by Colonial to an auction in the Columbus, Ohio, area. Colonial agreed to pay each individual $3.00 per hour plus money for lunch in exchange for this service. On that morning, McMichael, Shuback, Durr and the others delivered vehicles to Columbus. When the men were returning to Youngstown in a van owned by Colonial and driven by McMichael, McMichael lost control of the vehicle, causing it to overturn. As a direct and proximate result of McMichael's negligence, Durr died and Shuback suffered severe injuries.
At the time of the accident, McMichael was covered by an insurance policy issued by Appellant, State Auto Mutual Insurance Company. McMichael's insurance policy included a "business use exclusion" which provided:
 "A. We do not provide Liability Coverage for any person:
"* * *
 "6. While employed or otherwise engaged in the `business' of:
 a: selling; b: repairing; c: servicing; d: storing; or e: parking;
 vehicles designed for use mainly on public highways. This includes road testing and delivery. This exclusion (A.6) does not apply to the ownership, maintenance or use of "your covered auto' by:
 a. you; b. any `family member,' or c. any partner, agent or employee of you or any `family member.'"
On June 29, 1996, Appellees, William V. Shuback, Murial E. Shuback and Sandra J. Bowen as Administratrix of the Estate of Graber M. Durr, Deceased, filed a complaint for declaratory relief with the Mahoning County Court of Common Pleas to determine if the insurance policy issued to McMichael by State Auto provided coverage to Appellees. Appellees argued that the "business use exclusion" did not apply because McMichael was an independent contractor and was not Colonial's employee. Appellant argued that McMichael was employed or "otherwise engaged" in the business of delivering motor vehicles for sale, thus excluding liability coverage for the incident under the terms of his insurance policy.
The magistrate ruled that McMichael was "employed or otherwise engaged" in the activity of delivering cars for sale even though he acted as an independent contractor. However, the magistrate determined that Appellant failed to show by a preponderance of the evidence that McMichael's activity constituted employment or engagement in a "business" as defined by the policy. The policy defined "business" as, "trade, profession or occupation." Applying the plain meaning of, "trade, profession or occupation," the magistrate determined that "business" means activity engaged in as a means of livelihood, for wages, profit or some other compensation. Further, the magistrate stated that the intent, purpose and interest of the actor in a particular activity determines whether or not it is a business activity for that actor. The magistrate concluded that delivering autos for sale was not McMichael's trade profession or occupation as there was no evidence of his motives for participating in the delivery of automobiles.
State Auto timely objected to the magistrate's decision charging that the magistrate erroneously focused on whether selling or delivering vehicles constituted McMichael's "business." State Auto also alleged that the magistrate erroneously interpreted "business" to mean "livelihood."
The court overruled State Auto's objections and adopted the magistrate's decision on August 27, 1997. Appellant filed its notice of appeal on September 11, 1997. Appellant's sole assignment of error alleges:
 "THE TRIAL COURT ERRED IN HOLDING THAT NORMAN McMICHAEL'S ACTIVITIES DID NOT CONSTITUTE BEING EMPLOYED OR OTHERWISE ENGAGED IN THE BUSINESS OF SELLING AND/OR DELIVERING CARS."
Appellant argues that the magistrate erroneously focused on whether McMichael was delivering cars for his own livelihood. Appellant contends that the magistrate should have concentrated on whether McMichael was "employed or otherwise engaged" in any car business, including his own business and/or Colonial's business. Appellees contend that McMichael was not employed or otherwise engaged in the business of selling and/or delivering cars. Appellees argue that there is no evidence of tax documents or business records to demonstrate that McMichael himself was in the automobile business. Appellees also argue that as McMichael and the others had completed their delivery of vehicles, on the return trip and at the time of the accident the van was not being used for business purposes.
The Ohio Supreme Court has consistently held that insurance contracts must be construed according to the same rules as other written contracts. Hybud Equip. Corp. v. Sphere Drake Ins. Co.,Ltd. (1992), 64 Ohio St.3d 657, 665. The most critical rule is that a court may not rewrite the contract when the intent of the parties is evidenced by clear and unambiguous language. Id. A court must give undefined terms in an insurance contract their plain and ordinary meaning. Nationwide Mut. Fire Ins. Co. v.Guman Bros. Farm (1995), 73 Ohio St.3d 107, 108. Thus:
 "* * * words and phrases used in an insurance policy must be given their natural and commonly accepted meaning, where they in fact possess such meaning, to the end that a reasonable interpretation of the insurance contract consistent with the apparent object and plain intent of the parties may be determined."
Gomolka v. State Auto. Mut. Ins. Co. (1982), 70 Ohio St.2d 166,167-168.
"If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined."Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.
(1984), 15 Ohio St.3d 321, 322. Questions of law are reviewedde novo without deference to the trial court. Nationwide v.Guman Bros., 108.
In the present case, the insurance contract defined only one relevant term. The policy defined "business" as, "trade, profession or occupation." As "employed" and "engaged" were not defined in the policy, they are to be given their plain and ordinary meaning. When all relevant terms are given their appropriate meanings, the stipulated facts of the present case reflect that McMichael was employed or otherwise engaged in a business excluded from coverage pursuant to his insurance policy. The relevant stipulated facts are as follows:
 "1. * * * Gregory Christopher and Charles Christopher, doing business as Colonial Auto Sales * * * were engaged in the business of trading and selling new and used motor vehicles and, in the course of this business, utilized various individuals to drive motor vehicles to and from various auto auctions, one of which was located in the Columbus, Ohio area.
 "2. Acting as an independent contractor, Norman C. McMichael drove motor vehicles to and from various auto auction areas for Colonial Auto Sales * * *
"* * *
 "6. During the morning hours of September 7, 1993, Norman C. McMichael, William V. Shuback, Graber M. Durr and three additional individuals drove motor vehicles owned by Colonial * * * to an auction area near Columbus, Ohio.
 "7. As compensation for driving vehicles to the auction area, William V. Shuback, Graber M. Durr, and Norman McMichael were to receive from Colonial * * * payment of $3.00 per hour plus money for lunch.
 "8. For their return journey, Norman C. McMichael drove a 1985 Chevrolet Trans Air van owned by Colonial Auto Sales.
"* * *
 "11. During the return journey, Norman C. McMichael lost control of the Trans Air van * * * the vehicle overturned * * * causing the death of Graber M. Durr and causing severe and permanent injuries to William V. Shuback."
From the record before us, it is obvious that Colonial was in the business of selling and trading motor vehicles consistent with the insurance policy's definition of "business." Moreover, the facts also demonstrate that McMichael was "employed or otherwise engaged" in that business on Colonial's behalf. As stipulated, McMichael was acting as an independent contractor.
An independent contractor is clearly "engaged" in the business which he contracts to do. While McMichael was not directly hired by Colonial as an employee under Colonial's care, supervision and control while he drove Colonial's vehicles, he was, nonetheless, driving vehicles to auction for a fee. These were the services he provided Colonial in return for payment and the services he was providing on the day of the incident. He would not have been in Columbus on that day and would not have been driving home from Columbus with these particular people had he not been engaged in the business of driving an auto dealer's vehicles to the auction.
We note that the magistrate found that McMichael was "employed or otherwise engaged" in the activity of delivering vehicles for sale. However, he interpreted the language of the exclusion clause to require that the insured be "employed or otherwise engaged" in his own "business" and that McMichael was not so situated. Having found the language of the exclusion clause to be unambiguous, and having conducted a de novo review, we find that the plain meaning of the language does not require the insured to be employed or otherwise engaged in his own automobile business. The exclusionary language of the policy clearly states that coverage is not provided for anyone in the automobile business or who is by any means "engaged in" the auto business and specifies that this includes one in the business of "delivery" of autos. While McMichael did not himself own the company he contracted with, he was delivering Colonial's autos for his own profit. Thus, on the day of the delivery and during its various stages, he was engaged in the "business" of auto delivery and was excluded from liability coverage under the terms of his policy with Appellant.
As McMichael was "employed or otherwise engaged" in Colonial's automobile business at the time of the incident at bar, we hold that the business use exclusion clause of his personal automobile insurance policy precludes him from liability coverage. Therefore, we find Appellant's assignment of error to have merit and reverse the decision of the trial court. This cause is remanded to the Court of Common Pleas for further proceedings consistent with this decision.
Cox, P.J., dissents; see dissenting opinion.
Vukovich, J., concurs.
APPROVED:
 _______________________________ CHERYL L. WAITE, JUDGE