OPINION
Plaintiff Vincent J. Long appeals a summary judgment of the Court of Common Pleas of Perry County, Ohio, entered in favor of defendants the Commodore Bank and several members of its Board of Directors. The trial court dismissed all of plaintiff's actions against all of the defendants, and found no just reason for delay pursuant to Civ. R. 54 (B). The remaining portion of the common pleas action concerns defendants' counterclaim. Appellant assigns three errors to the trial court:
ASSIGNMENTS OF ERROR
ASSIGNMENT OF ERROR NO. 1:
 THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND GRANTING SUMMARY JUDGMENT FOR DEFENDANTS ON THE BREACH OF CONTRACT CLAIM BECAUSE (A)THERE WAS AN ENFORCEABLE CONTRACT; AND (B) THE FAILURE OF CONDITIONS PRECEDENT TO THE OBLIGATION TO PURCHASE PLAINTIFF'S STOCK OCCURRED DUE TO THE DEFENDANTS' ACTIONS.
ASSIGNMENT OF ERROR NO. 2
 THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON THE BREACH OF CONTRACT CLAIM BECAUSE, ASSUMING NO CONTRACT EXISTED AS A MATTER OF LAW, ISSUES OF FACT PRECLUDED SUMMARY JUDGMENT FOR DEFENDANTS.
ASSIGNMENT OF ERROR NO. 3
 THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR DEFENDANTS ON PLAINTIFF'S CLAIM FOR BREACH OF FIDUCIARY DUTY.
Certain facts are undisputed. Appellant had worked for New Somerset Bank since 1975. In 1994, the Bank was renamed Commodore Bank. Appellant had served as President of the New Somerset Bank and later was Chairman of Commodore Bank's Board of Directors. Thereafter, appellant was named Chief Executive Officer.
On September 22, 1999, another board member replaced appellant as president and CEO. On December 16, 1999, the board of directors of the bank approved a document entitled "Agreement by the Board of Directors of the Commodore Bank" to purchase bank stock from Vincent J. Long. Under the terms of the agreement, the bank was to be reorganized into a one-bank holding company structure. The agreement provided that once the holding company was established, it would purchase 20,600 shares of appellees' stock, which represented 20.6 per cent of the outstanding shares of the bank stock. The agreement set the purchase price at $90 per share for one-half the total, that is, a block of 10,300 shares. The agreement estimated this would be accomplished by June 30, 2000. The remaining block of 10,300 would be purchased for $100 per share on January 31, 2001. The agreement was signed by appellant, appellee Bank President, Jeffrey Danford, and another appellee Director, Glen Hursey.
Thereafter, the bank increased appellant's salary, and assigned him new duties.
On January 20, 2000, the bank gave appellant drafts of documents to implement the agreement of December, 1999. On February 11, 2000, the bank terminated appellant's employment, and on March 23, 2000, appellant failed to win re-election as a director of the bank.
Civ. 56(C) states in pertinent part:
(C) Motion and proceedings
 The motion shall be served at least fourteen days before the time fixed for hearing. The adverse party, prior to the day of hearing, may serve and file opposing affidavits. Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, Hounshell v. AmericanStates Insurance Company (1981), 67 Ohio St.2d 427, 433. A trial court may not resolved ambiguities in the evidence presented, Inland RefuseTransfer Company v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321. This court reviews a summary judgment using the same standard the trial court did, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35.
 I
In his first assignment of error, appellant urges the court should have granted his motion for partial summary judgment on the issue of breach of contract, rather than granting summary judgment in favor of appellees.
In its judgment of July 6, 2001, the trial court found the document of December, 1999, was nothing more than an outline which details an agreement in principle to reorganize the bank. The court found the document clearly sets certain events that were to occur in order to implement the agreement. The court further found it was undisputed that none of the several events outlined in the agreement in principle had occurred. The court concluded after considering the document in question as a whole, that it was a non-binding letter of intent or agreement in principle. The trial court cited M.J. DiCorpo, Inc. v. Sweeney (1994),69 Ohio St.3d 497, as authority for the holding that a non-binding letter of intent or an agreement in principle was not an enforceable contract.
We find DiCorpo easily distinguishable from the case at bar. InDiCorpo, the court found the document at issue did not address all the essential terms of the merger, and a subsequent document addressed numerous matters which the basic letter of intent had not addressed. InOglebay Norton Company v. Armco, Inc. (1990), 52 Ohio St.3d 232, the Ohio Supreme Court found an "agreement to agree" is enforceable if the parties have manifested an intention to be bound by the terms, and when the terms are sufficiently definite that they may be enforced.
Appellee Richard Poling testified at his deposition he did not believe the agreement was a contract, but rather just a "meeting of the minds." He conceded the agreement set forth sufficient instructions from which the bank's counsel could draw up the necessary papers.
Appellee Jeffrey Danford testified in his deposition that with the agreement, the attorneys could "glean what the intentions of the parties were" so that the attorneys could draft the stock purchase agreement, employment contract, and the documents which would form the one-bank holding company. He further testified there were no other issues which remained to be negotiated between the bank and appellant.
The trial court found that the subsequently prepared documents given to appellant in January of 2000, were never executed, and were labeled "draft". We find this is not fatal to the contract, because the original agreement identified all the material terms of the agreement.
We find the December 16, 1999 document is an enforceable contract.
The first assignment of error is sustained.
 II
In his second assignment of error, appellant urges the court was incorrect when it found certain conditions precedent to the contract had not occurred. The court found the conditions precedent were the formation of the one-bank holding company, execution of a stock purchase agreement, execution of an employment agreement, shareholder approval of the stock purchase, bank re-organization, and regulatory approval.
The parties each blame the other for the non-performance of the conditions precedent. Appellant argues he was unable to perform because his employment was terminated. Appellees urge appellant procrastinated in preparing and executing the documents necessary to trigger the agreement.
In Suter v. Farmer's Fertilizer Company (1919), 100 Ohio St. 403, the Ohio Supreme Court found a party cannot avoid liability under a contract if that person has done some act which prevents the carrying out of the contract according to its terms.
All the arguments raised by appellant and appellees are excellent defenses which address the question of who caused the breakdown of this agreement. That question presents issues of fact which are inappropriate for summary judgment, and instead must be presented to the fact finder.
The second assignment of error is sustained.
 III
In his third assignment of error, appellant argues the court should not have granted summary judgment on his claim for breach of fiduciary duty.
The trial court found Commodore Bank is not a close corporation, and for this reason, none of the bank's directors owe a fiduciary obligation to appellant. The trial court cited the case of Crosby v. Beam (1989),47 Ohio St.3d 105 as authority.
In Crosby, the Supreme Court found minority shareholders of a close corporation may bring a direct action for breach of fiduciary duty against the majority shareholders, rather than bringing a derivative action. In Crosby, the Supreme Court noted that majority shareholders generally have a fiduciary duty to minority shareholders, Crosby at 108, citing Jones v. H.F. Ahmanson Company (1969), 1 Cal.3d 93. The Crosby
court found there is a heightened fiduciary duty between the majority and minority shareholders in a close corporation, Id.
While we agree with the trial court the appellees do not owe a heightened fiduciary obligation to appellant, nevertheless, by virtue of the relationship between them, there is still a general fiduciary duty the appellees owe to minority shareholders such as appellant.We conclude the trial court incorrectly entered summary judgment on appellant's cause of action for breach of fiduciary duty.
Accordingly, the third assignment of error is sustained.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Perry County, Ohio, is reversed, and the cause is remanded to that court for further proceedings in accord with Ohio law and consistent with this opinion.
Costs to appellees.
Hon. Julie A. Edwards, P.J., Hon. W. Scott Gwin, J., Hon. John F. Boggins, J. concur.