OPINION
On May 8, 1996, Jacob Dugan was born. Mother of Jacob is Felicia Dugan and father is Shawn Drake. Ms. Dugan and Mr. Drake were never married, but an administrative order was issued by the Stark County Child Support Enforcement Agency finding Mr. Drake to be Jacob's biological father.
On September 12, 1996, a life insurance policy on Jacob in the amount of $5,000.00 was purchased through appellee, the Gerber Life Insurance Company. While Ms. Dugan was listed as policyholder, no designation of beneficiary was made.
On August 12, 1998, Jacob tragically drowned in a neighbor's swimming pool. James Dugan, Jacob's maternal grandfather, was named administrator of Jacob's estate. On October 11, 2000, appellant, the Estate of Jacob Tyler Lee Dugan by James V. Dugan, Administrator, filed a declaratory judgment action in the Probate Court, seeking a declaration that Mr. Drake be prohibited from sharing in the $5,000.00 life insurance proceeds. An amended complaint was filed on October 12, 2000. By judgment entry filed March 26, 2001, the court found no beneficiaries were named in the insurance policy therefore, as next of kin, Mr. Drake was entitled to $2,679.00, half of the $5,000.00 plus interest.
Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN SUMMARILY RULING ON THE PETITIONER'S COMPLAINT FOR DECLARATORY RELIEF WITHOUT FIRST TAKING EVIDENCE, HOLDING A HEARING OR OTHERWISE PROVIDING THE PARTIES WITH AN OPPORTUNITY TO BRIEF THE ISSUES IN CONTROVERSY.
II
 THE TRIAL COURT ERRED IN FINDING SHAWN DRAKE TO BE A "PARENT" AND THUS A BENEFICIARY UNDER THE TERMS OF THE GERBER LIFE INSURANCE POLICY.
I
Appellant claims the trial court erred in not holding a hearing on the declaratory judgment action. Appellant claims it should have been granted the opportunity to present evidence in support of its request for relief. We disagree.
In support of these arguments, appellant cites R.C. 2721.10 because the issue of parentage is an issue of fact:
 When an action or proceeding in which declaratory relief is sought under this chapter involves the determination of an issue of fact, that issue may be tried and determined in the same manner as issues of fact are tried and determined in other civil actions in the court in which the action or proceeding is pending.
On October 11, 2000, appellant filed a declaratory judgment action seeking to have the probate court resolve the "contractual issues related to the payment of proceeds to the `beneficiary' under the terms of the insurance policy." See, Administrator's Motion for Declaratory Relief filed October 11, 2000 at Paragraph 10. On October 12, 2000, appellant amended the motion, praying for the same declaratory relief. See, Administrator's Amended Complaint for Declaratory Relief filed October 12, 2000 at Paragraph 11. By decision and order filed February 22, 2001, the probate magistrate requested memorandum on the jurisdiction of the probate court in determining declaratory judgment actions.
R.C. 2101.24 governs jurisdiction of the probate court and states in pertinent part the following:
 (A)(1)Except as otherwise provided by law, the probate court has exclusive jurisdiction:
 To render declaratory judgments, including, but not limited to, those rendered pursuant to section 2107.084 of the Revised Code;
 To direct and control the conduct of fiduciaries and settle their accounts;
The court accepted jurisdiction and issued a ruling on March 26, 2001 on the contractual issue raised by the declaratory judgment action.
Having invoked the provisions of R.C. 2101.24(A)(1)(l) and (m), appellant subjected the case to the Local Rules of the Stark County Court of Common Pleas, Probate Division. Because the declaratory judgment action was filed by an administrator of a pending estate, it could properly be determined to be controlled by Loc.R. 78.7(B), as appellant captioned the original action as a "motion":
 All motions shall be determined upon the pleadings and memorandum in support. Oral arguments upon motions may be permitted upon written application and after showing of good cause.
If the action was a civil case, it would be controlled by Loc.R. 78.1 which would require a date for trial.
Further, despite appellant's protestation that there was evidence to be presented, it is abundantly clear from the declaratory judgment action that appellant was requesting an interpretation of the terms of the life insurance contract which is a question of law.
Upon review, we find the court properly followed the requirements of Loc.R. 78.7(B) and appellant never requested a hearing in writing.
Assignment of Error I is denied.
 II
Appellant claims the trial court erred in determining that Mr. Drake was a "parent" and therefore a beneficiary under the contract. We disagree.
It is undisputed that there was no designated beneficiary in the life insurance contract and said contract provided for such an omission as follows:
 BENEFICIARY: Unless otherwise requested, the parents of the Proposed Insureds shall be the beneficiaries.
 See, Grow-Up Protection Plan Policy attached to Appellant's Declaratory Judgment Action.
It is appellant's position that Mr. Drake was not a "parent" to the child and a November 21, 2000 determination by the Court of Common Pleas of Stark County, Ohio, General Division (Case No. 1999CV01984) that appellee could not share in the wrongful death settlement because he "abandoned" the child pursuant to R.C. 2125.01(A)(1) should be controlling sub judice. Said statute states as follows:
 Except as provided in this division, an action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent, all of whom are rebuttably presumed to have suffered damages by reason of the wrongful death, and for the exclusive benefit of the other next of kin of the decedent. A parent who abandoned a minor child who is the decedent shall not receive a benefit in an action for wrongful death.
We note even this statute uses the designation "parent." There is no dispute that on May 1, 1998, the Stark County Child Support Enforcement Agency determined Mr. Drake was the father of the decedent.[1] See, CSEA Administrative Order Establishment of Paternity attached to Appellees' Brief as Exhibit 1. The probate court was aware of this determination. See, Findings of Fact and Conclusions of Law filed April 20, 1999 in Case No. 171776. No action as to adoption had occurred before the child's death.
Words in a contract must be given their plain and ordinary meaning.Andrade v. Credit General Insurance Co. (November 20, 2000), Stark App. No. 2000CA00002, unreported. If a contract is clear and unambiguous, "then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co. v. Browning-Ferris Industries
(1984), 15 Ohio St.3d 321, 322. A court cannot in effect create a new contract "by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 246.
Appellant appears to argue that the designation "parent" is different than the determination of parentage. In other words, being a "parent" is different than being a biological participant in the conception of a child. Although philosophically we agree with appellant's position, the legal designation of "parent" makes Mr. Drake a parent. The clear and unambiguous wording of the life insurance contract affords Mr. Drake participation as a beneficiary.
Assignment of Error II is denied.
The judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Stark County, Ohio, Probate Division is affirmed.
Hon. Julie A. Edwards, P.J. Hon. Sheila G. Farmer, J. Hon. John F. Boggins, J. concur.
[1] In the wrongful death action (Case No. 1999CV01984), Ms. Dugan filed an affidavit wherein she admitted Mr. Drake was the child's natural father.