JOURNAL ENTRY and OPINION
James W. Ramey and H R Homes of Wooster, LLC ("the Sellers") appeal from a decision of the trial court granting summary judgment in favor of Berns Properties, Inc. ("the Buyer") in connection with their claim that the Buyer breached a contract to purchase 22.3 acres of land in Wooster, Ohio. On appeal, the Sellers maintain that the court misinterpreted Section 6 of the contract, arguing that the Buyer did not have the right to terminate the contract based on an increase in interest rates. After careful review, we have concluded that the trial court properly granted summary judgment in accordance with the language of the contract. Accordingly, we affirm the judgment of the trial court.
The record before us reveals that, on December 27, 1999, Berns Properties contracted with Ramey and H R Homes to purchase 22.3 acres of vacant land in Wooster, Ohio, for the price of $885,000. The contract contained, inter alia, the following:
 6. PROPERTY CONDITION/INSPECTION PERIOD: Buyer and Buyer's agents shall have the right to enter upon the Property at all reasonable times for the purpose of testing, examining, and surveying the same. Seller shall make no representation or warranty as to the physical condition of the Property, except as provided elsewhere in this contract. Buyer shall accept the Property on the Closing Date in its "as is" condition; provided, however, that Buyers shall have the greater of: thirty (30) business days from the date of this executed contract, or until such time as the Buyer has received Final Plat Approval from any and all governmental agencies with conditions acceptable to Buyer to complete the aforementioned inspections as well as any other investigations relating to the desirability of the Property. Buyer shall have the right to terminate this contract and receive a refund of the Earnest Money, except the sum of $10.00, which shall be retained by the Seller, and Buyer and Seller's (sic.) shall each be relieved of all further obligation or liability hereunder in the event that Buyer's investigation of the Property discloses any conditions objectionable to Buyer, in Buyer's sole judgment. (Emphasis added.)
On January 26, 2000, Berns sent Ramey a letter terminating the contract; this letter stated in part:
 Per section 6 — Property Conditions — of the above-described agreement(s) the Buyer has determined that conditions exist that are objectionable to the Buyer, and Buyer is therefore terminating the above Agreement(s).
Berns later explained that a two-point spike in interest rates made development of the property less desirable; therefore, he terminated the contract.
On March 29, 2000, Ramey and H R Homes filed a complaint against Berns asserting claims for breach of contract and breach of implied duties of good faith and fair dealing, and they later amended their complaint to add a cause of action for promissory estoppel.
The parties filed cross-motions for summary judgment and, on May 3, 2001, the court granted summary judgment in favor of Berns Properties.
Ramey and H R Homes now appeal, raising two assignments of error for our review. They state:
 I. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT FOR BUYER ON SELLER'S BREACH OF CONTRACT CLAIM.
 II. THE TRIAL COURT ERRED IN DENYING SUMMARY JUDGMENT FOR SELLER ON SELLER'S BREACH OF CONTRACT CLAIM.
Ramey and H R Homes argue that the court misinterpreted Paragraph 6 of the contract, urging that the right to terminate only applied to the discovery of an objectionable physical condition during inspection of the property. They maintain that an increase in interest rates which made development of the property undesirable is not a condition contemplated by the clause authorizing termination; therefore, they argue that Berns breached the contract.
Berns Properties counters that the language of Section 6 does not limit its termination right to the discovery of an objectionable physical
condition but, rather, authorizes the right to terminate the agreement for any conditions objectionable to the Buyer; it claims that an increase in financing costs is a condition which made the property less desirable and therefore afforded it a right to terminate the contract.
The standard for appellate review of a summary judgment is set forth inTemple v. Wean United, Inc. (1977), 50 Ohio St.2d 317, 327, 364 N.E.2d 267,274, where the court stated:
 Civ.R. 56(C) specifically provides that before summary judgment may be granted, it must be determined that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.
"If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." InlandRefuse Transfer Co. v. Browning-Ferris Indus. of Ohio, Inc. (1984),15 Ohio St.3d 321, 322, 474 N.E.2d 271. "If the contract language is capable of two reasonable but conflicting interpretations, however, there is an issue of fact as to the parties' intent." Whistler v. WesternReserve Care Serv. Corp. (Dec. 24, 2001), Mahoning App. No. 00 C.A. 90, unreported, citing Inland Refuse Transfer Co. v. Browning-FerrisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322, 474 N.E.2d 271.
Here, the language of the contract is clear and unambiguous: it authorized Berns to conduct inspection for the purpose of testing, examining, and surveying the property, but it also authorized "any otherinvestigations relating to the desirability of the Property. The termination language of paragraph 6 of the contract states that the parties will be relieved of obligation in the event that "Buyer'sinvestigation * * * discloses any condition objectionable to Buyer * * *." (Emphasis added.)
Where the terms of a contract are clear and unambiguous, courts must not in effect create a new contract by finding an intent not expressed in the clear language employed by the parties. See The Long Beach Assn.,Inc. v. Jones (1998), 82 Ohio St.3d 574, 577, 697 N.E.2d 208, 210.
Based on the foregoing, Berns properly terminated and did not breach the contract; therefore, the trial court properly granted Berns' motion for summary judgment. Accordingly, we overrule these assignments of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J. and DIANE KARPINSKI, J. CONCUR