JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant Robert Powell appeals from the decision of the Cuyahoga County Common Pleas Court that granted defendant-appellee American Modern Life Insurance Company's motion to dismiss for failure to state a claim. Plaintiff contends that the trial court erred because he claims the insurance policy at issue contained ambiguities that could be construed as providing disability coverage. For the reasons that follow, we reverse.
 {¶ 2} According to the complaint, plaintiff Robert Powell sustained disabling injuries. Consequently, plaintiff made a claim for disability coverage under a policy of insurance issued by defendant in connection with a home equity line of credit opened by plaintiff in 1998. Defendant denied coverage. Plaintiff then commenced this breach of contract action against defendant. Defendant moved to dismiss the action for failure to state a claim upon which relief could be granted. Over plaintiff's opposition, the trial court granted the motion to dismiss. Plaintiff now appeals assigning one error for our review:
 {¶ 3} "I. The trial court erred in granting the appellees' motion to dismiss for failure to state a claim upon which relief can be granted as the disability insurance policy was ambiguous, vague and susceptible to more than one determination."
 {¶ 4} It is well settled that "[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint * * *. Thus, the movant may not rely on allegations or evidence outside the complaint; otherwise, the motion must be treated, with reasonable notice, as a Civ.R. 56 motion for summary judgment." State ex rel. Hanson v. Guernsey County Bd. of Comm'rs.
(1992), 65 Ohio St.3d 545, 548, citing Civ.R. 12(B)[other citations omitted].
 {¶ 5} The court must construe the material allegations of the complaint as true and construe all reasonable inferences in favor of the non-moving party. Id. "Then, before the court may dismiss the complaint, `* * * it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. * * *'" Id., quotingO'Brien v. University Community Tenants Union (1975), 42 Ohio St.2d 242. We employ a de novo review. Cleveland Elec. Illum. Co. v. Pub. Util.Comm. (1996), 76 Ohio St.3d 521, 523.
 {¶ 6} A contract with clear and unambiguous terms leaves no issue of fact and must be interpreted as a matter of law. Inland RefuseTransfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. However, where an insurance contract contains ambiguous terms, they are strictly construed against the drafter and in favor of coverage. Rushdan v. Baringer (Aug. 30, 2001), Cuyahoga App. No. 78478, citing Clark v. Scarpelli (2001) 91 Ohio St.3d 271 at 282. After careful review, we must conclude that the policy contains ambiguous and conflicting terms.
 {¶ 7} The certificate of insurance attached to the complaint identifies plaintiff Robert Powell as "Insured Co-Debtor, also called you * * *." It further identifies Jennifer M. Powell as the "Insured Debtor, called you." These distinctions are significant because on the same page it provides in pertinent part that "(4) If applying for disability coverage, such coverage will only be issued for the Insured Debtor."[1]
It appears that the drafter of the policy made the designation of the Insured Debtor and Insured Co-Debtor. This form calls for the signature of the Insured Debtor and the Insured Co-Debtor with boxes designating type of insurance; the Insured Debtor having the option of "Life Only" or "Life and Disability" and the Insured Co-Debtor's sole option for "Life Only." These lines are left conspicuously blank.
 {¶ 8} In fact, the only executed portion of the entire policy appears on the signature page submitted by plaintiffs in opposition to defendant's motion to dismiss. This form relates to the application for the equity line of credit wherein plaintiff applied, and paid for, joint
credit life with accident and death coverage.
 {¶ 9} Plaintiff's intention of purchasing joint coverage, is illustrated by the designations made therein. The executed portion of the contract provides several options for coverage.
 {¶ 10} In particular, plaintiff had the following variations of insurance to chose from:
 {¶ 11} "TYPE RATE
 {¶ 12} "You ___ do _x_ do not want single credit life ____
 {¶ 13} "You ___ do _x_ do not want joint credit life ____
 {¶ 14} "You ___ do _x_ do not want single life ____
 {¶ 15} "with accident death
 {¶ 16} "You _x_ do ___ do not want joint credit life 2,565
 {¶ 17} "with accident death"
 {¶ 18} Plaintiff, along with his wife, made the above-quoted designation; acknowledged by their individual signatures. This form is further executed by the creditor that supplied the insurance. This application form is made part of the contract by virtue of the integration clause providing that "[t]he attached Application for Insurance by you and any Co-Debtor, as well as the Group Policy, and the Application for the Group Policy are the complete contract of insurance." Certificate of Insurance Page 4 of 4.
 {¶ 19} Allowing plaintiff the choice for joint insurance presupposes that such coverage would be provided by the policy issued to the plaintiffs. The above designations directly conflict with other portions of the policy that seek to provide limited, rather than joint, insurance with regard to disability benefits and thus creates an ambiguity that must be resolved in favor of the plaintiff. This is especially true where, as here, there is no signature on the policy by any party in any other place including the signature lines designated for the "Insured Debtor" and the "Insured Co-Debtor." There is no signature by either plaintiff or his wife acknowledging the conflicting terms of the policy limiting disability insurance and/or verifying the designation of plaintiff's wife, as opposed to plaintiff, as the "Insured Debtor." Construing the policy as a whole in the context of the standard of review applied at this early stage of litigation, we find that the trial court erred in dismissing this action.
 {¶ 20} For these reasons, plaintiff's sole assignment of error is sustained.
Judgment reversed.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TIMOTHY E. McMONAGLE, A.J., and FRANK D. CELEBREZZE, JR., J., CONCUR.
[1] Elsewhere, the policy provides that "[n]o Co-Debtor is eligible for disability insurance." See Certificate of Insurance Page 2 of 4.