OPINION
{¶ 1} The present matter arose out of a decision by the Columbiana County Common Pleas Court to grant summary judgment in a declaratory judgment matter. For the following reasons, we affirm the decision of the common pleas court.
 {¶ 2} Appellants, the Center Township Board of Trustees, collectively and individually, filed a complaint for declaratory judgment and request for a mandatory injunction in the Columbiana County Court of Common Pleas against Appellee, the Village of Lisbon, village council members and president. The individual council members and president were eventually dismissed as parties. Appellants sought to have Appellee share the costs associated with closing the Center Township landfill.
 {¶ 3} Center Township was initially granted a conditional license to operate the solid waste landfill in 1975. Between 1975 and 1988, Lisbon entered into a series of agreements with Appellants regarding the landfill. Appellants decided to close the landfill in 1988 based on the Columbiana County Health Department's recommendation.
 {¶ 4} Appellants subsequently sought to recover monies allegedly owed to it from Appellee, which consisted of half of the costs associated with closing the landfill. This amount purportedly exceeds $1.45 million. In its declaratory judgment complaint, Appellants claim that the parties' agreement provides that Appellee is responsible for half of the costs associated with closing the landfill. Appellee denies responsibility for these costs.
 {¶ 5} Appellee filed a motion for summary judgment, and on November 17, 2004, the trial court granted Appellee summary judgment. Appellants timely appealed to this Court asserting one assignment of error, in which they assert:
 {¶ 6} "THE JUDGMENT RENDERED BY THE TRIAL COURT WAS NOT APPROPRIATE BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED TO PRECLUDE THE GRANTING OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT."
 {¶ 7} For the following reasons, Appellants' sole assignment of error lacks merit.
 {¶ 8} A party to a declaratory judgment action may request, with or without supporting affidavits, summary judgment in their favor as to all or any part of the declaratory judgment action. Civ.R. 56(A).
 {¶ 9} For summary judgment to be granted, a court must determine that, (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against the motion for summary judgment is made, that conclusion is adverse to that party. Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 364 N.E.2d 267, 4 O.O.3d 466; Civ.R. 56(C).
 {¶ 10} The party moving for summary judgment has the burden to show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. Dresher v. Burt
(1996), 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264. If the movant meets its burden of production, then the nonmoving party must produce evidence on any issue for which it bears the burden of proof at trial. Id. at 293.
 {¶ 11} Appellate courts review a trial court's decision to grant summary judgment de novo. Cole v. Am. Indus. ResourcesCorp. (1998), 128 Ohio App.3d 546, 552, 715 N.E.2d 1179.
 {¶ 12} The instant dispute concerns the interpretation of a contract. The interpretation of a written agreement is a matter of law for the court to determine. If the terms of a contract are clear and unambiguous, a court does not have to go beyond the language of the document to determine the rights and obligations of the parties. Aultman Hosp. Assn. v. Community Mut. Ins. Co.
(1989), 46 Ohio St.3d 51, 53, 544 N.E.2d 920; Seringetti Constr.Co. v. Cincinnati (1988), 51 Ohio App.3d 1, 4-5,553 N.E.2d 1371.
 {¶ 13} However, if the terms of a contract are not apparent from the four corners of the document or if the terms are ambiguous, an issue of fact exists, which makes summary judgment inappropriate. Inland Refuse Transfer Co. v. BrowningF-errisIndustries of Ohio, Inc. (1984), 15 Ohio St.3d 321, 322, 15 OBR 448, 474 N.E.2d 271; Seringetti, supra, at 4-5,553 N.E.2d 1371.
 {¶ 14} In the instant cause, Center Township trustees seek to hold the Village of Lisbon partially responsible for the costs associated with closing the landfill. Appellants allege that Appellee entered into a contractual agreement with it for sharing the expenses and jointly leasing the landfill.
 {¶ 15} While the details are not entirely clear in the record, apparently the parties began their relationship as joint lessees of the landfill in question. At some point, Appellants decided to purchase the landfill, becoming the owner of the property. Thereafter, the parties continued their relationship through a series of lease agreements whereby Appellee leased the property or the use of the property from Appellants.
 {¶ 16} It is undisputed that the last contract concerning the landfill that existed between the parties was executed in 1981. It is also undisputed this contract provided that it would remain in effect between the parties on an annual basis unless one party provided notice of its intent to terminate the agreement. Neither party gave notice of such an intent. Thus, the contract was binding at the time the instant dispute arose.
 {¶ 17} It should be noted that there is no indication in the record which of the parties drafted the contract in issue.
 {¶ 18} The contract concerns the parties' use of the landfill and the sharing of expenses associated with the use. The contract begins by stating that Appellants purchased the landfill premises, and so the, "previously executed joint lease of the parties is now a nullity." (Contract, ¶ 1.) Thereafter, there are no other references to any joint lease agreement in the contract.
 {¶ 19} The contract provides that Appellants agree to allow Lisbon residents to use the landfill at certain rates. It also provides that all payments for the use of the landfill will be set aside to be expended for expenses incurred, "in direct connection with the operation of said Landfill." (Emphasis added.) (Contract, ¶ 4.)
 {¶ 20} The contract also provides: "5. Annual expenses which exceed annual receipts as contemplated in Item 4 above, shall be shared equally between the Village of Lisbon and the Center Township Trustees." (Contract, ¶ 5.)
 {¶ 21} There is also a reference in the contract that the parties jointly own a bulldozer in operation at the landfill and that the parties would continue to share the cost of the landfill caretaker's salary. (Contract, ¶ 8, 9.)
 {¶ 22} While several sections of the parties' contract state that "costs" would be shared between the parties, there is no direct reference to costs associated with closing the landfill. Appellants argue that the costs associated with closing the landfill are to be shared equally between the parties pursuant to paragraph five of the contract, which requires the parties to equally share the costs associated with annual expenses in excess of annual receipts as contemplated in paragraph four. (Complaint, ¶ 5.) The term "annual expenses" is undefined in the contract. However, the annual expenses in paragraph four explicitly refer to costs associated, "with the operation of said Landfill." (Emphasis added.) (Contract, ¶ 4.)
 {¶ 23} Further, Appellants fail to direct this Court's attention to anything evidencing that annual costs associated with operating a landfill necessarily include costs to close a landfill. The term "operating costs" does not logically extend to closing costs. In fact, the words "operating" and "closing" are nearly opposite in definition. To "operate" means, in part, "to cause to function: work" or, "to put or keep in operation". Webster's, 10th Ed. 1993, 814. Whereas to "close" means in part, "to suspend or stop the operations of". Webster's, 10th Ed. 1993, 216. There is no other valid interpretation of the word "operation."
 {¶ 24} Consequently, we are forced to determine that Appellants' argument lacks merit since the terms of the contract at issue here are clear. The contract does not hold Appellee responsible for costs associated with closing the landfill. As such, this Court does not have to go beyond the language of the contract to determine the rights and obligations of the parties in the instant matter. Aultman, supra at 53, 544 N.E.2d 920.
 {¶ 25} In addition, Appellee points out in its motion for summary judgment that the contract did not make it a joint operator of the landfill as Appellants claim. Instead, Appellee's status under the agreement was only as an authorized user of the landfill. As such, Appellee argues that Appellants, as the sole owner and operator of the landfill, are legally responsible for the landfill closing costs.
 {¶ 26} The Ohio Administrative Code under the Ohio EPA hazardous waste definitions defines "operator" as: "the person responsible for the overall operation of the facility." OAC 3745-50-10(83).
 {¶ 27} Appellee presented undisputed evidence reflecting that Appellants were the sole owners and operators of the landfill. Mark Nichol of the Columbiana County Health Department attested to the accuracy of several Health Department records pertaining to the landfill in his affidavit. The documents and affidavit reflect that Appellants, as operators of the landfill, submitted the annual licensure and operating reports. In addition, the landfill inspection and violation notices were only directed to Appellants. (Motion for Summary Judgment, Exh. 10.)
 {¶ 28} Appellee likewise points to two Ohio EPA decisions finding the Center Township landfill and its owner and operator, the Center Township Trustees, in violation of certain EPA provisions. (Motion for Summary Judgment, Exh. 11.)
 {¶ 29} In addition, the contract and Appellants' own complaint acknowledge that Appellants purchased the landfill premises. (Contract, ¶ 3; Complaint, ¶ 13.)
 {¶ 30} Based on the foregoing, Appellants were the sole owners and operators of the landfill. There is no evidence that Appellee was a joint owner or operator.
 {¶ 31} Further, there is nothing before this Court reflecting that Appellee should be responsible for the costs associated with closing the landfill as an authorized user of the landfill. The contract at issue herein does not address these costs, and thus this Court will not create legal obligations where none exist.
 {¶ 32} Based on the foregoing, the trial court appropriately awarded summary judgment. Thus, Appellants' assignment of error lacks merit and is overruled.
Donofrio, P.J., concurs.
Vukovich, J., concurs.