{¶ 13} The penultimate sentence of paragraph six of the lease agreement at issue and the first phrase of the last sentence of that paragraph appear to make Ms. Secrist's right to receive free gas contingent only upon her entering into an agreement on the same terms as the agreement at issue:
 Lessor further agrees that upon the sale or transfer of the leasehld premises where someone other than the Lessor is entitled to take the gas under this Paragraph 6, that the gas supply will be terminated by Lessors until the Buyer of the property executes an agreement regarding the usage of the gas in the same form as the within agreement. In the absence of such an agreement free gas under this provision shall terminate. . . .
The final phrase of the last sentence, however, appears to give St. Croix an unrestrained right to refuse to provide gas to Ms. Secrist. Accordingly, paragraph six is ambiguous. When a contract is ambiguous, its interpretation is a question of fact:
 If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined. . . . However, if a term cannot be determined from the four corners of a contract, factual determination of intent or reasonableness may be necessary to supply the missing term. . . .
Inland Refuse Transfer Co. v. Browning-Ferris Indus. of Ohio Inc.,15 Ohio St. 3d 321, 322 (1984) (citations omitted).
 {¶ 14} Inasmuch as there was a genuine issue of fact regarding the meaning of paragraph six, the trial court erred by granting summary judgment to St. Croix. I would reverse and remand to the trial court. *Page 1