OPINION
{¶ 1} Mark E. Mason, plaintiff-appellant, appeals the judgment of the Franklin County Court of Common Pleas granting the summary judgment motion filed by Willie L. and Vivian Gaddis, defendants-appellees.
 {¶ 2} Appellant desired to purchase two adjoining parcels of undeveloped real estate in Columbus, Ohio. The larger parcel was owned by appellees, who were husband and wife, and the smaller parcel was owned by Gladys B. Lowery. Lowery transferred her property to appellees so that they could sell the parcels together, and appellees retained a real estate agent to sell both. Negotiations commenced between appellees' and appellant's real estate agents, and, on March 21, 2001, the parties entered into a written contract for the sale of the parcels for $150,000. The contract contained an addendum ("addendum") that provided the sale was contingent upon appellant obtaining rezoning of the property within six months of the contract date, and, if rezoning was nearing completion within the time limit but not complete, then appellant would be granted additional time. The contract indicated that closing was to occur within 30 days after obtaining rezoning as set forth in the addendum.
 {¶ 3} Appellant proceeded to attempt to obtain rezoning. After completing several steps in the process of rezoning, the ordinance for rezoning was to be heard by Columbus City Council ("city council"). However, because city council was in recess at that time, appellant and appellees entered into a written extension of the contract ("extension") on September 21, 2001. The extension provided that the contract to purchase would be extended until October 22, 2001, and that the closing must be on or before 30 days from October 22, 2001. It also included a provision that this time may be extended by the written consent of both parties. Appellant then learned that, because the rezoning was considered a contested matter due to opposition by a neighborhood commission, city council would not put the rezoning ordinance on the agenda until after the November election.
 {¶ 4} On October 19, 2001, appellant sought an additional contract extension of four months from appellees to accommodate the delay due to the city council agenda, but appellees refused to grant the extension. Appellant later learned that appellees had signed another contract on October 14, 2001 to sell the parcels to Marcus Montgomery's sister-in-law, who eventually orally assigned her rights to the contract to Montgomery. Appellees indicated that, after appellant's contract expired, they notified Montgomery that his back-up contract was now the primary contract and then proceeded to close the Montgomery contract. After appellant learned of Montgomery's contract, appellant's counsel contacted the agent for appellees and asserted appellant's claim to the property. On November 1 and 14, 2001, appellant notified appellees in writing that he was ready, willing, and able to proceed on or before November 21, 2001, and that he was expecting both title work and information on the location and time of closing. However, appellees proceeded to negotiate the sale of the property to Montgomery. On November 19, 2001, appellees sold and transferred the property to Montgomery.
 {¶ 5} Appellant filed a complaint against appellees and Montgomery on December 5, 2001, seeking injunctive relief and specific performance or damages stemming from the sale of the parcels to Montgomery. Appellant's claims for injunctive relief or specific performance were denied by a magistrate, and appellant eventually dismissed the claims against Montgomery. On March 7, 2002, appellees filed a motion for summary judgment, arguing they were entitled to summary judgment on the remaining claim that they breached the real estate purchase contract by selling the parcels to Montgomery. Appellees contended that there was no written contract and that appellant's claims were barred by the statute of frauds. Appellees also asserted that the agreement expired on October 23, 2001, because appellant never removed or satisfied the rezoning contingency. The trial court granted summary judgment to appellees on November 22, 2002, and entered judgment on such on December 12, 2002. Appellant appeals the judgment of the trial court, asserting the following single assignment of error:
 {¶ 6} "The trial court erred in granting appellees' motion for summary judgment."
 {¶ 7} Appellant argues the trial court erred in granting summary judgment to appellees. Summary judgment will be granted where the movant demonstrates that there is no genuine issue of material fact, that the moving party is entitled to judgment as a matter of law, and where reasonable minds can only reach one conclusion, which is adverse to the non-moving party. Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66. Once the moving party has satisfied its initial burden, the non-moving party has a reciprocal burden of setting forth specific facts showing there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 8} If language in a contract is clear and unambiguous, "this court cannot in effect create a new contract by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, 246. Where the language of a contract is reasonably susceptible to more than one interpretation, the meaning of ambiguous language is a question of fact. Ohio Historical Soc. v. Gen. Maintenance Engineering Co. (1989), 65 Ohio App.3d 139,146. However, if no ambiguity exists, the terms of the contract must simply be applied without resorting to methods of construction and interpretation. Id. The Ohio Supreme Court has held that "[i]f a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc. (1984), 15 Ohio St.3d 321,322. Additionally, contracts must be read as a whole and interpreted so as to give effect to every provision. Farmers' Natl. Bank v. Delaware Ins. Co. (1911), 83 Ohio St. 309, 337. The mere fact that parties to a contract adopt conflicting interpretations of the document does not create ambiguity or a basis for interpretation of the contract language where no ambiguity can reasonably be said to exist in the language. Complete Gen. Constr. Co. v. Westerville, Franklin App. No. 02AP-63, 2002-Ohio-4778. Because we interpret unambiguous contracts as a matter of law, the resolution of contract disputes is particularly amenable to summary judgment, where the court issues summary judgment as a matter of law. See Civ.R. 56.
 {¶ 9} The addendum to the original contract provided that the agreement was "[s]ubject to property being rezoned to accommodate Buyers['] use which is as an electrical contractor within six months after acceptance of this agreement. * * * If rezoning is nearing completion within the time limit but not complete, then Buyer will be granted additional time."
 {¶ 10} The September 21, 2001 extension provided:
 {¶ 11} "The contract to purchase the business/real estate known as 1381 Old Schrock Rd. shall be extended until Oct. 22, 2001. This time may be extended by written consent signed by both parties. Reasons for the extension are as follows:
 {¶ 12} "Buyer has been unable to get before City Council until this month.
 {¶ 13} "All other terms and conditions shall remain the same.
 {¶ 14} "Closing date shall be on or before 30 days from Oct. 22, 2001[.]"
 {¶ 15} Appellant first contends there was a genuine issue of material fact as to whether appellees were obligated by the addendum to grant additional time after the first extension to accomplish the rezoning because that effort was "nearing completion." He claims that, when appellees granted the first extension pursuant to the clause in the addendum permitting such if rezoning was "nearing completion," appellees did not state in that extension that no further extensions would be granted pursuant to the addendum if rezoning was still "nearing completion" after the first extension. Thus, appellant asserts that the provision of the addendum that required an extension if rezoning was nearing completion was still in effect at the time he requested the second extension. In support of this argument, appellant points to the language in the extension that provides that all other terms and conditions of the original contract and addendum remain the same.
 {¶ 16} We disagree with appellant's interpretation. We find there is no genuine issue of material fact as to the meaning of the terms in the addendum and extension. The October 22, 2001 extension specifically provides that it may only be extended further by written consent of the parties. This provision in the extension supplanted the provision in the addendum requiring an extension if rezoning is nearing completion. Thus, although the extension indicates that all other terms of the original contract remain in effect, the term in the addendum requiring extension if rezoning is nearing completion was no longer effective due to the overriding clause in the extension requiring written consent for any further extensions. Consequently, because the terms of the extension provide that any further extension "may" be granted by written consent of both parties, appellees were within their right to refuse to grant any further extensions past the October 22, 2001 deadline.
 {¶ 17} Appellant also contends that, even though appellees refused to grant a second extension, he should have had until November 21, 2001 to close on his purchase. In support of this argument, appellant cites the clause in the extension that provided that the closing date shall be on or before 30 days from October 22, 2001. We disagree and find no genuine issue of material fact on this issue. The extension indicates that the contract "shall be extended until Oct. 22, 2001." Clearly, this clause meant that, by October 22, 2001, appellant had to have the rezoning completed pursuant to the language in the addendum, or appellant had to disclaim the rezoning requirement and proceed to closing without it. He did neither by October 22, 2001. Appellant contends that such a requirement would insert new and different terms into the extension, namely, a new requirement that appellant notify appellees that he was forgoing the contingency for rezoning and ready to close on the property. However, appellant does not explain what the purpose of the October 22, 2001 deadline would otherwise be. Appellant's interpretation would render the October 22, 2001 deadline meaningless. If October 22, 2001 was not meant to be a deadline by which appellant either had to have the property rezoned or forgo the rezoning requirement and proceed to closing, it would serve no purpose in the extension. It is a well-settled rule that, in the construction of a contract, courts should give effect to every provision contained therein, and if one construction of a doubtful condition written in a contract would make that condition meaningless, and it is possible to give it another construction that would give it meaning and purpose, then the latter construction must be utilized. Foster Wheeler Enviresponse, Inc. v. Franklin Cty. Convention Facilities Auth. (1997), 78 Ohio St.3d 353, 362, citing Farmers' Natl. Bank, supra, paragraph six of the syllabus. In the present case, the only interpretation that gives effect to the October 22, 2001 deadline would be that it served as a deadline for some action by appellant. That action would have to be an act by appellant to indicate he wished to proceed to closing, either after a successful rezoning or a repudiation of the rezoning contingency in the addendum.
 {¶ 18} The meaning of the provision in the extension providing that the closing date must be on or before 30 days from October 22, 2001, is unambiguous. This provision would have become relevant only if appellant had performed some action by October 22, 2001, to indicate he was ready to proceed to close, in which case the closing would have had to be completed within 30 days. Again, appellant's interpretation that he had until November 21, 2001 to close, even if he did not give any indication of his intent to do such by October 22, 2001, would render the October 22, 2001 date meaningless. If the parties had intended such, they could have omitted any reference whatsoever to October 22, 2001 and simply indicated that any closing must be completed by November 21, 2001. That they chose not to draft the agreement in this manner is telling.
 {¶ 19} In addition, although we need not go beyond the unambiguous language of the contract to determine the effect of its provisions, we do note that appellant's prior actions make it further apparent that the parties intended and understood the deadline for rezoning or repudiation of the rezoning contingency to be October 22, 2001, and not November 21, 2001. Both the extension and the original contract contained provisions requiring closing within 30 days of their respective deadlines. The deadline for the original March 21, 2001 contract was within six months of the acceptance of the agreement, which would have been September 21, 2001. Appellant requested the extension just prior to September 21, 2001. The deadline for the extension was October 22, 2001. Appellant requested an additional extension on October 19, 2001. Appellant's actions immediately prior to the deadlines for the original contract and the extension are consistent with his belief that neither gave him an extra 30 days from the deadline dates to take some action. If appellant truly believed he had an extra 30 days from the deadline dates to take some action, he would not have requested extensions until shortly before October 21, 2001 on the original contract, and November 22, 2001 on the extension.
 {¶ 20} For the foregoing reasons, we find no genuine issues of material fact remain, and summary judgment in favor of appellees was appropriate. Appellant's assignment of error is overruled. As we have found summary judgment was appropriate based on the above grounds, we need not address any other grounds contained in appellees' summary judgment motion.
 {¶ 21} Accordingly, appellant's single assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
BOWMAN and KLATT, JJ., concur.