OPINION
{¶ 1} Plaintiff Stars of Cleveland, Inc. dba Montrose Ford Lincoln Mercury appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Westfield Insurance Company. Montrose assigns a single error to the trial court:
 {¶ 2} "The trial court's judgment entry granting westfield insurance company's motion for summary judgment was in error and must be reversed."
 {¶ 3} Montrose's statement pursuant to Loc. R. 9 asserts summary judgment was inappropriate because there were issues of fact presented.
 {¶ 4} The trial court's judgment entry recites the pertinent facts. Westfield's insured was involved in an automobile collision, and Westfield prepared a damage assessment and supplemental damage assessment for the repair of his car at Montrose's Repair Facility. Montrose completed the work, and Westfield issued payment for the repairs pursuant to the insurance contract. Westfield issued the check in the names of both the insured and Montrose. The insured received the check. Prior to receiving payment, Montrose released the insured's car. Subsequently, Westfield's insured refused to negotiate the check because he was dissatisfied with the repairs. At the time judgment was entered, Westfield's check had not been negotiated.
 {¶ 5} The trial court found there was no privity of contract between Montrose and Westfield, and as such, Montrose could not prevail.
 {¶ 6} Civ. R. 56 (C) states in pertinent part:
 {¶ 7} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
 {¶ 8} It is well established a trial court should not enter a summary judgment if it appears there is a material fact of genuine dispute, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts, see, e.g., Hounshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. A fact is material when it affects the outcome of the suit under the applicable substantive law, Russell v.Interim Personnel, Inc. (1999), 35 Ohio App. 3d 301. A trial court may not resolve ambiguities in the evidence presented, Inland Refuse TransferCompany v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St. 3d 321. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St. 3d 35.
 {¶ 9} Montrose states there are certain facts in dispute, which, if believed by the trier of fact, would lead to the conclusion there was an implied contract between Westfield and Montrose. Montrose suggests the repair assessment issued by Westfield expressly states it is not an authorization to repair, because authorization must be secured from the owner of the vehicle. Montrose argues authorization to perform repairs was obtained from the owner of the vehicle, but the assessment does not require an authorization to pay for the repairs. Likewise, Montrose argues Westfield reserved the right to approve any supplements or changes to the estimate. The damage assessment obligates Montrose to use after-market parts, which Montrose argues demonstrates Westfield's control of the cost of repairs. Montrose argues these facts, if believed by a trier of fact, would constitute evidence of an implied contract.
 {¶ 10} Westfield replies it had a contractual obligation to its insured to pay for property damage to the vehicle. Westfield argues the assessment of damage was not an offer to pay money to Montrose Collision Center, but was a representation by Westfield to its insured with regard to its intent to fulfill its contractual obligations. Westfield argues when its insured took his vehicle to Montrose Collision Center, he entered into a contract with Montrose for the repairs.
 {¶ 11} Finally, Westfield argues it discharged its contractual obligation when it tendered the check to its insured. Contrary to Montrose's allegation, Westfield argues there was no promise, either expressed or implied, that Westfield would issue payment directly to Montrose.
 {¶ 12} There are three basic types of contracts: express, implied in law, and implied in fact, Legros v. Tarr (1989), 44 Ohio St.3d 1,540 N.E.2d 257. Contracts implied in law differ from express or implied in fact contracts. Implied in law contracts are not true contracts, but are legal fictions used to effect an equitable result, Sabin v. Graves
(1993), 86 Ohio App.3d 628, 621 N.E.2d 748. Unlike a contract implied in fact, to establish a contract implied in law, a party need not prove all the elements of a contract, Lucas v. Constantini, (1983),13 Ohio App.3d 367.
 {¶ 13} In express contracts, assent to the terms of the contract is actually expressed in the form of an offer and acceptance, while for implied in fact contracts, the parties' meeting of the minds is shown by the surrounding circumstances including the conduct and declarations of the parties, which give rise to an inference the parties entered into an implicit understanding tantamount to a contract, Point E. CondominiumOwners' Association v. Cedar House Association, (1995),104 Ohio App.3d 704, 663 N.E.2d 343. To establish a contract implied in fact a plaintiff must demonstrate the circumstances surrounding the parties' transaction make it reasonably certain they intended an agreement, Lucas, supra.
 {¶ 14} In order to determine whether a contract is enforceable, a court must be able to determine the essential terms of the agreement. Vagueness of expression, indefiniteness, or uncertainty as to any essential term prevents the creation of an enforceable contract, Sabin,supra.
 {¶ 15} Montrose's complaint simply alleged it had entered into a contract with Westfield for repairs contingent upon the owner's authorization, but Westfield refused to pay after Montrose secured the authorization and did the repairs. It appears Montrose argues there is a contract implied in fact, as evidenced by the parties' actions, or in the alternative, a contract implied in law, invoking the equitable doctrine of unjust enrichment.
 {¶ 16} Montrose submitted the affidavit of John Koza, the assistant manager of its body shop. Koza alleges he considered the damage assessment from Westfield to be an agreement to pay for repairs. Koza alleges it is a customary practice to pay the body shop directly for repairs, and had Westfield indicated it was not going to do so, he would not have released the vehicle and would have charged a higher labor and parts cost.
 {¶ 17} Westfield submitted the affidavit of Thomas F. Pacconi, the claims representative who handled the transaction which is the subject of this case. Pacconi alleges the preliminary estimate provided by Montrose to Westfield included a direct payment authorization clause which, if executed by the insured, would have authorized Westfield to pay Montrose directly. Pacconi alleged to his knowledge, the insured never authorized direct payment, and the preliminary estimate was not the final estimate the parties used.
 {¶ 18} We find because, construing all the facts most favorably towards Montrose, they do not give rise to a contract in fact between Montrose and Westfield. The facts do not support a reasonable inference the parties had a meeting of the minds to enter into a contract for direct payment to Montrose, as the preliminary estimate form used by Montrose itself evidences.
 {¶ 19} In the alternative, Montrose argues it stated a claim for unjust enrichment by Westfield. Montrose argues it conferred a benefit to Westfield; Westfield knew of the benefit; and Westfield retained the benefit under circumstances where it would be unjust for Westfield to avoid payment. Montrose asserts the benefit Westfield received was the benefit of satisfying its contractual obligation to its insured by securing repairs to the vehicle.
 {¶ 20} Westfield asserts, the benefit of the repairs was conferred on its insured, and Westfield satisfied its contractual obligation, not in securing the repairs, but by tendering a check to pay for the repairs.
 {¶ 21} We find there are no material facts in genuine dispute presented which would entitle Montrose to recover under the unjust enrichment theory.
 {¶ 22} The assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, P.J., Farmer, J., and Wise, J., concur
 JUDGMENT ENTRY
WESTFIELD INSURANCE COMPANY:
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.