OPINION
{¶ 1} Plaintiff Todd Senff appeals a summary judgment of the Court of Common Pleas of Stark County, Ohio, entered in favor of defendant Michael Moran on appellant's complaint for legal malpractice. Appellant assigns a single error to the trial court:
 {¶ 2} "I. The trial court erred as a matter of law in granting defendant-appellee's motion for summary judgment and committed reversible error."
 {¶ 3} Appellant states the summary judgment was inappropriate because there are material facts in genuine dispute.
 {¶ 4} Civ. R. 56 (C) states in pertinent part:
 {¶ 5} Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.
 {¶ 6} The trial court may not enter a summary judgment if the case presents a material fact in genuine dispute, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from undisputed facts, Hounshell v. American States InsuranceCompany (1981), 67 Ohio St. 2d 427. A trial court may not resolve ambiguities in the evidence presented, Inland RefuseTransfer Company v. Browning-Ferris Industries of Ohio, Inc.
(1984), 15 Ohio St. 3d 321. This court reviews a summary judgment using the same standard as the trial court, Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St. 3d 35.
 {¶ 7} The trial court `s nunc pro tunc judgment entry of November 12, 2004 sets forth certain facts. In January 2000, appellant consulted appellee for legal advice about the possibility of filing for bankruptcy. Acting on behalf of appellant, appellee filed a voluntary petition for relief under Chapter 7 of U.S. Bankruptcy Court. Two of appellant's previous business partners, and United National Bank filed complaints with the bankruptcy court asking the court not to discharge appellant's debts. After a trial, the U.S. Bankruptcy Court for the Northern District of Ohio denied appellant a discharge on his debts.
 {¶ 8} Appellee delivered a copy of the bankruptcy court opinion to appellant shortly after it was filed in November, 2001. In his deposition, appellant stated when he received the copy of the bankruptcy court opinion, he understood he had not received the discharge in bankruptcy he had sought. Appellant also testified he had understood if his former business partners were successful, he would not be able to wipe out the debts.
 {¶ 9} The bankruptcy court found appellant intended to defraud his creditors by transferring his interest in his residence to his wife without consideration, and by transferring his opportunity in a company known as Complete Media Group, Inc. to his wife with the intent to shield it from his creditors. These two transfers caused the bankruptcy court to deny appellant's petition. In his deposition, appellant admitted appellee did not advise him to transfer his marital residence to his wife, and appellee did not play any role in giving appellant's interest in Complete Media Group, Inc. to his wife.
 {¶ 10} The trial court found in November and December, 2001, appellee and appellant discussed the possibility of appealing the U.S. Bankruptcy Court's ruling denying the bankruptcy discharge. The court found the last service appellee performed for appellant was on April 5, 2002. Appellee's affidavit concedes the parties met in the spring of 2003, but asserts appellee gave no legal advice and did not agree to represent appellant. The affidavit asserts no attorney-client relationship was established, and in fact, appellant had already retained another attorney to pursue the malpractice claim at bar.
 {¶ 11} Appellant cites to his own affidavit wherein he testified the attorney-client relationship between the parties continued through January 21, 2003. Appellant also asserts prior to filing for bankruptcy, he informed appellee he had transferred the house into his wife's name, and appellee assured him it would not affect the bankruptcy action.
 {¶ 12} R.C. 2305.11 provides an action for legal malpractice shall be brought within one year after the cause of action accrued. In Omni Foods v. Smith (1988), 38 Ohio St. 3d 385, the Ohio Supreme Court held a legal malpractice action accrues when the client discovers, or should have discovered, the client's alleged injury was related to the negligence of the attorney, or in the alternative, when the attorney-client relationship for the particular transaction terminated, whichever is later. The trial court found the cognizable event when appellant knew or should have known of his injury occurred in November 2001, when the U.S. Bankruptcy Court denied his application for discharge in bankruptcy. The court found the attorney-client relationship relating to the bankruptcy action terminated at the very latest on April 5, 2002. Because appellant filed his complaint against appellee on May 23, 2003, the trial court found appellant's claims are time-barred by the statute of limitations. The court discounted the conflicting statement appellant made in his affidavit alleging the attorney-client relationship continued into January 2003, finding appellant stated no specific facts cited in support of the conclusion the attorney-client relationship extended beyond April 5, 2002.
 {¶ 13} As a second and independent reason to sustain the motion for summary judgment, the court found appellant had failed to demonstrate any legal malpractice caused him to be unsuccessful in bankruptcy court. The trial court correctly noted in order to prevail on a claim for legal malpractice, a plaintiff must show: (1) the attorney owed a duty or obligation to the plaintiff; (2) there was a breach of duty or obligation and the attorney failed to conform to the standard required by law; and (3) there is a causal connection between the conduct complained of and the resulting in damage or loss, citing Vahila v. Hall
(1997), 77 Ohio St. 3d 421.
 {¶ 14} The trial court found appellant's deposition concedes he transferred the home to his wife before he had consulted with appellee, and also conceded appellee did not advise him to make the transfer. In his deposition, appellant also concedes appellee was not involved in the transfer of appellant's opportunity in Complete Media Group, Inc., to his wife. The trial court found it was appellant's actions in making the fraudulent transfers that caused his bankruptcy action to fail.
 {¶ 15} Addressing first the statute of limitations issue, appellant was deposed about the meeting with appellee in January 2003. Appellant's affidavit asserted the attorney-client relationship with appellee continued through January. In his deposition, appellant conceded the meeting in January 2003 was in part to discuss some issues raised by the unsuccessful bankruptcy case, because appellant had received another legal opinion indicating appellee had mishandled the case.
 {¶ 16} We find the trial court correctly found appellant's statement the attorney-client relationship continued through January 1, 2003, was conclusory in nature, and appellant alleged no facts to support his conclusion. To the contrary, appellant had consulted another attorney about a potential malpractice case against appellee, and this can in no way be interpreted as continuing the attorney-client relationship with appellee. We agree with the trial court appellant had not presented evidence to refute appellee's evidence the attorney-client relationship ended at the latest on April 5, 2002.
 {¶ 17} Turning to the malpractice issue, appellant's argument is appellee advised appellant to file his bankruptcy petition even though appellant had informed appellee of the transfer of the real property into his wife's name. Appellant does not address the transfer of his business opportunity to his wife. We find the trial court was correct in determining appellant presented no evidence he suffered any damages as a result of appellee's legal advice concerning the bankruptcy petition.
 {¶ 18} We find the trial court did not err in entering summary judgment on behalf of appellee. Accordingly, the assignment of error is overruled.
 {¶ 19} For the foregoing reasons, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Gwin, J., Boggins, P.J., and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed. Costs to appellant.