OPINION
{¶ 1} In 1991, appellee, Cardinal Ridge Development, Inc., paid $225,000 for the option to purchase the real estate at issue in this case. On June 30, 1993, appellee executed a promissory note agreeing to pay an additional $550,000 if appellee could obtain a permit to install a sanitary landfill by June 30, 1996. The note was made payable to Richard Thompson and appellants, A.E. Mullet, now deceased, with Bernice Hartman, Trustee, as successor in interest, and Edward Kohl. The note included interest from the later of June 30, 1993 or the date of issuance of the permit. The note further provided that if the permit was not received within three years, the note shall be null and void.
 {¶ 2} Appellee submitted its application for a permit on April 27, 1992. The Ohio EPA issued appellee a draft permit to install on April 7, 1995. After issuing the draft permit, the Ohio EPA sent letters to appellee listing the deficiencies that still had to be addressed before the Ohio EPA would issue a permit to install.
 {¶ 3} On March 4, 1997, appellee sold its solid waste operations to Allied Waste Industries. On April 1, 1998, USA Waste of Ohio, Inc., as successor in interest to Allied, withdrew the application for the permit.
 {¶ 4} On March 29, 2004, appellant Kohl filed a complaint against appellee for collection of the note and foreclosure of the mortgage. Appellant Hartman was joined as a defendant to assert a claim for interest on the note and mortgage. All parties filed motions for summary judgment. By judgment entry filed March 16, 2005, the trial court found in favor of appellee.
 {¶ 5} Appellant Kohl filed an appeal on April 8, 2005 (Case No. 2005CA007) and assigned the following assignments of error:
 KOHL I {¶ 6} "THE TRIAL COURT ERRED BY FAILING TO GRANT SUMMARY JUDGMENT IN FAVOR OF APPELLANT EDWARD KOHL."
 KOHL II {¶ 7} "THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT AGAINST APPELLANT EDWARD KOHL."
 {¶ 8} Appellant Hartman filed an appeal on April 12, 2005 (Case No. 2005CA008) and assigned the following errors:
 HARTMAN I {¶ 9} "THE TRIAL COURT ERRED IN RULING THAT THERE IS NO GENUINE ISSUE AS TO ANY MATERIAL FACT IN THAT THERE IS A MATERIAL ISSUE OF FACT TO BE DETERMINED BY THE TRIER OF FACT WHICH PRECLUDES DETERMINATION UPON SUMMARY PROCEEDINGS UNDER RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE."
 HARTMAN II {¶ 10} "THE TRIAL COURT ERRED IN RULING THAT REASONABLE MINDS CAN COME TO BUT ONE CONCLUSION AND THAT CONCLUSION IS ADVERSE TO THE PLAINTIFF IN THAT SUCH RULING FAILS TO CONSTRUE THE EVIDENCE BEFORE THE COURT MOST STRONGLY IN FAVOR OF THE PLAINTIFF AS REQUIRED UNDER RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE."
 HARTMAN III {¶ 11} "THE TRIAL COURT ERRED IN RULING THAT THE DEFENDANT, CARDINAL RIDGE DEVELOPMENT, INC., IS ENTITLED TO SUMMARY JUDGMENT DISMISSING PLAINTIFF'S COMPLAINT IN THAT SUCH DETERMINATION IS CONTRARY TO LAW AND THE EVIDENCE BEFORE THE COURT ON THE MOTION FOR SUMMARY JUDGMENT UNDER RULE 56 OF THE OHIO RULES OF CIVIL PROCEDURE."
 {¶ 12} This matter is now before this court for consideration.
 KOHL I and II, HARTMAN I, II and III {¶ 13} All the assignments will be addressed collectively as they challenge the trial court's decision to grant summary judgment to appellee.
 {¶ 14} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 15} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O.3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 16} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 17} Words in a contract must be given their plain and ordinary meaning. Andrade v. Credit General Insurance Co. (November 20, 2000), Stark App. No. 2000CA00002. If a contract is clear and unambiguous, "then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co. v. Browning-Ferris Industries
(1984), 15 Ohio St.3d 321, 322. A court cannot in effect create a new contract "by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 246.
 {¶ 18} Appellants argue the note's wording was unambiguous and became effective when the Ohio EPA issued a draft permit to install. It is appellants' position that the issuance of the "draft permit to install" is synonymous with "the issuance by the Ohio Environment Protection Agency of a permit * * * to install a sanitary land fill on the real estate encumbered by the Mortgage Deed" as set forth in the note. Appellants argue the unambiguous language of the note can be interpreted to mean that the condition precedent to the commencement of payments is the issuance of a draft permit.
 {¶ 19} On April 7, 1995, the Ohio EPA sent appellee a letter stating the following:
 {¶ 20} "Therefore, enclosed please find a Permit to Install which is being issued to you today in draft form pursuant to Ohio Revised Code Chapter 3734 and the rules adopted thereunder.
 {¶ 21} "* * *
 {¶ 22} "Within sixty (60) days of the close of the public comment period, the Director may issue a final Permit to Install upon such terms and conditions as he finds necessary to ensure that the operation of your facility is in accordance with Ohio's solid waste rules."
 {¶ 23} The draft permit includes the following specific conditional language:
 {¶ 24} "* * * Issuance of this permit approval (Permit to Install) does not constitute expressed or implied approval or agreement that, if constructed and/or modified in accordance with the plans, specifications and/or information accompanying the permit application, the above described source of environmental pollutants will operate in compliance with applicable State and Federal laws and rules and regulations and if constructed and/or modified in accordance with those plans, specifications and/or information accompanying the permit application, the above described source of environmental pollutants will be granted the necessary operating permits and/or licenses. This permit approval (Permit to Install) is issued subject to the attached conditions which are hereby incorporated and made a part hereof.
 {¶ 25} "* * *
 {¶ 26} "This is a DRAFT version of a Permit to Install (PTI #06-3421) that would approve the construction and operation of the proposed Cardinal Ridge Sanitary Landfill, owned by Cardinal Ridge Development, Inc., if it is later issued as a final action by the Director of the Ohio EPA."
 {¶ 27} We note there is no effective date entered on the draft permit. This further substantiates appellee's argument that such a permit was not the permit contemplated in the note.
 {¶ 28} Attached to the draft permit is Appendix A which includes specific conditions precedent to the issuance of the permit:
 {¶ 29} "5) This permit will not be issued as a final action until the location restriction demonstrations for the proposed new units have been completed and are found to be satisfactory. This shall meet the requirements of OAC 3745-27-07(F) and 3745-27-20(C).
 {¶ 30} "8) Prior to issuance of this permit as a final action, the permittee must adequately address the following deficiencies in the PTI application."
 {¶ 31} It is undisputed that the "final permit to install" was never issued by the Ohio EPA. In fact, appellee's successor in interest withdrew the request for the permit on April 1, 1998.
 {¶ 32} Based upon the specific and unambiguous language of the note, we find the trial court did not err in finding the conditions precedent to the note had not been fulfilled and therefore appellee was entitled to judgment as a matter of law.
 {¶ 33} All the assignments of error are denied.
 {¶ 34} The judgment of the Court of Common Pleas of Coshocton County, Ohio is hereby affirmed.
Farmer, J., Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio is affirmed.