OPINION
{¶ 1} On January 31, 2002, the State Employment Relations Board (hereinafter "SERB") conducted a representation election for certain employees of the City of Delaware in the departments of Public Works, Ground and Facilities and Underground Utilities. On February 28, 2002, SERB certified appellee, Ohio Council 8, American Federation of State, County and Municipal Employees, AFL-CIO, as the exclusive representative.
 {¶ 2} Prior to the SERB certification, the employees were organized as an independent bargaining unit and entity known as the Delaware Public Works Association, now known as Local 3238, American Federation of State, County and Municipal Employees, AFL-CIO, another appellee herein. Appellant, the City of Delaware, and appellee Local 3238 were parties to a collective bargaining agreement, effective January 1, 1999 through December 31, 2001. After the certification, appellee Ohio Council 8 and appellee Local 3238 worked on a new collective bargaining agreement, to be effective March 24, 2003 through December 28, 2004. In the meantime, appellee Local 3238's collective bargaining agreement was in effect.
 {¶ 3} On July 2, 2002, Clarence Flournoy, Jr., an employee in the Public Works Department, was terminated from his employment. A grievance was filed pursuant to appellee Local 3238's agreement. The grievance was appealed to arbitration. Appellant postponed the arbitration due to Mr. Flournoy securing private counsel and filing an action in federal court. Appellee Ohio Council 8 did not agree to the postponement.
 {¶ 4} On December 5, 2003, appellees filed a motion and complaint against appellant and R. Thomas Homan, the city manager, another appellant herein, to compel arbitration of the grievance (Case No. 03CVH12-897). Thereafter, the parties entered into a settlement agreement whereby the arbitration of the grievance would be heard on June 29, 2003.
 {¶ 5} By letter dated June 18, 2004, appellant City notified the arbitrator that it would be raising a jurisdictional issue. On June 28, 2004, appellees filed a complaint against appellants for specific performance and/or breach of contract (Case No. 04CVH06-441). All parties filed motions for summary judgment. By judgment entry filed July 18, 2005, the trial court found in favor of appellees.
 {¶ 6} Appellants filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 7} "THE COMMON PLEAS COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."
 II {¶ 8} "THE COMMON PLEAS COURT ERRED AND/OR ABUSED ITS DISCRETION IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."
 III {¶ 9} "THE COMMON PLEAS COURT ERRED IN DETERMINING THAT THE SETTLEMENT AGREEMENT WAS NOT AMBIGUOUS."
 IV {¶ 10} "THE COMMON PLEAS COURT ERRED IN FINDING THAT SUBJECT MATTER JURISDICTION COULD BE FOUND BASED UPON THE ACTIONS OF DEFENDANT."
 V {¶ 11} "THE COMMON PLEAS COURT ERRED, AS A MATTER OF LAW, IN DETERMINING THAT A HEARING ON `THE MERITS' COULD NOT ADDRESS JURISDICTIONAL ISSUES."
 I, II, III, IV, V {¶ 12} Appellants claim the trial court erred in granting summary judgment to appellees, erred in determining the settlement agreement was unambiguous and erred in finding the issue of subject matter jurisdiction was waived. We disagree.
 {¶ 13} Summary Judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448, 1996-Ohio-211:
 {¶ 14} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 15} As an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. TheWedding Party, Inc. (1987), 30 Ohio St.3d 35.
 {¶ 16} Appellees initiated this action as a complaint for specific performance and/or breach of contract. The complaint seeks the enforcement of a settlement reached between the same parties in Case No. 03CVH12-897. The original case sought arbitration of a grievance of a union member. In appellants' answer to the original complaint, appellants averred that "Plaintiffs' claims are not properly arbitrable under the collective bargaining agreement between the parties." As pled and defended, the issue of subject matter jurisdiction was clearly an issue in the first lawsuit.
 {¶ 17} Appellants now argue this issue was not resolved by the settlement of the first case. Jurisdiction rests on the issue of whether Mr. Flournoy was a member of the union and whether any rights anew to him under the new collective bargaining agreement negotiated in March of 2003. The grievance at issue should be during the lapse time between the old collective bargaining agreement and the new one.
 {¶ 18} The joint settlement agreement in the original case stated the following in pertinent part:
 {¶ 19} "1. Pursuant to the parties' collective bargaining agreement, the City agrees to the final and binding arbitration on the merits of the grievance regarding the discharge of Clarence Flournoy Jr.
 {¶ 20} "3. AFSCME agrees to withdraw without prejudice its Motion and Complaint to Compel Arbitration currently before the Delaware County Court of Common Pleas."
 {¶ 21} Words in a contract must be given their plain and ordinary meaning. Andrade v. Credit General Insurance Co. (November 20, 2000), Stark App. No. 2000CA00002. If a contract is clear and unambiguous, "then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer Co. v. Browning-Ferris Industries
(1984), 15 Ohio St.3d 321, 322. A court cannot in effect create a new contract "by finding an intent not expressed in the clear language employed by the parties." Alexander v. Buckeye Pipe Line Co. (1978),53 Ohio St.2d 241, 246.
 {¶ 22} It is clear from the language cited above that issues raised by the original action were dismissed and resolved as a result of the joint settlement agreement. Therefore, because the issue of subject matter jurisdiction was an issue in the original action, we conclude the trial court was correct in finding the issue was waived by the clear and express language of the settlement agreement.
 {¶ 23} Upon review, we find the trial court was correct in finding the language of the settlement agreement was clear on its face and was correct in granting summary judgment to appellees.
 {¶ 24} Assignments of Error I, II, III, IV and V are denied.
 {¶ 25} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby affirmed.
Farmer, J. Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Delaware County, Ohio is affirmed.