JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Plaintiff-appellant, Joshua Daily ("Joshua"), appeals from the trial court's decision that granted defendant-appellee, American Family Insurance Company's ("American"), motion for summary judgment. For the reasons that follow, we affirm.
 {¶ 2} The operative facts are not in dispute. On July 8, 2004, Joshua received an automobile, a 1992 Geo Storm, as a gift from his grandfather. Title of this vehicle was in Joshua's name only. On July 10, 2004, Joshua, while driving this vehicle, sustained injuries in an automobile accident caused by the negligence of another motorist. Following a settlement with the tortfeasor's insurer, Joshua filed an action for declaratory judgment against his father's insurer, American, seeking to recover uninsured/underinsured ("UM/UIM") coverage.
 {¶ 3} Both parties moved for summary judgment. The court issued an order and opinion granting American's motion and overruling Joshua's corresponding motion. The court concluded that Joshua failed to qualify as an insured under the terms of his father's policy because, although he was a resident relative, he was driving his own vehicle at the time of the accident.
 {¶ 4} It is from this order that Joshua now appeals and raises one assignment of error for our review.
 {¶ 5} "I. The trial court erred in granting summary judgment in favor of defendant/appellee and against the plaintiff/appellant because the plaintiff/appellant *Page 4 
is entitled to un/underinsured motorist coverage and other first party benefits such as MedPay under the policy language in question."
 {¶ 6} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co., 77 Ohio St.3d 102, 105,1996-Ohio-336. "De novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine if as a matter of law no genuine issues exist for trial." Brewer v. Cleveland City Schools (1997), 122 Ohio App.3d 378, citing Dupler v. Mansfield Journal (1980), 64 Ohio St.2d 116, 119-120.
 {¶ 7} Summary judgment is appropriate where it appears that (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, who is entitled to have the evidence construed most strongly in his favor. Harless v.Willis Day Warehousing Co., Inc. (1978), 54 Ohio St.2d 64, 66; Civ. R. 56(C).
 {¶ 8} The burden is on the movant to show that no genuine issue of material fact exists. Id. Conclusory assertions that the nonmovant has no evidence to prove its case are insufficient; the movant must specifically point to evidence contained within the pleadings, depositions, answers to interrogatories, written admissions, affidavits, etc., which affirmatively demonstrate that the nonmovant has no evidence to support his claims. Dresher v. Burt, 75 Ohio St.3d 280, 293,1996-Ohio-107; *Page 5 
Civ. R. 56(C). Unless the nonmovant then sets forth specific facts showing there is a genuine issue of material fact for trial, summary judgment will be granted to the movant.
 {¶ 9} With these principles in mind, we proceed to consider whether the trial court's grant of summary judgment in American's favor was appropriate.
 {¶ 10} The policy of insurance issued by American to Joshua's father contains the following provision in its UM/UIM endorsement:
 {¶ 11} "We will pay compensatory damages for bodily injury which aninsured person is legally entitled to recover from the owner or operator of an uninsured motor vehicle. The bodily injury must be sustained by aninsured person and must be caused by accident and arise out of the use of the uninsured motor vehicle." (Emphasis supplied.)
 {¶ 12} An "Insured Person" is defined under the uninsured motorists coverage form of the policy as follows:
 {¶ 13} "1. Insured person means:
 {¶ 14} "a. You or a relative.
 {¶ 15} "b. Anyone else occupying your insured car.
 {¶ 16} "c. Anyone, other than a person or organization claiming by right of assignment or subrogation, entitled to recover damages due to bodily injury to you, a relative, or another occupant of your insured car." *Page 6 
 {¶ 17} Since Joshua is not the policy holder[1] and he was not driving his father's insured vehicle,[2] he can only qualify as an insured under his father's policy of insurance with American if he is a relative as defined in the policy. A "Relative means a person living in your household, related to you by blood, marriage or adoption. This includes a ward or foster child. It excludes any person, who, or whose spouse, owns a motor vehicle other than an off-road motor vehicle." (Emphasis supplied). In order words, in order for Joshua to qualify as an insured, he must be a "relative," living in the same household as his father, and not own a motor vehicle.
 {¶ 18} Here, it is undisputed that Joshua is a person living in the same household as the policyholder. However, it is also undisputed that Joshua owned a motor vehicle at the time of the accident. Thus, he does not meet the definition of "relative" as defined in the insurance policy. Since Joshua is excluded as a "relative" under the terms of the insurance contract, he cannot be an "insured" for purposes of UM/UIM coverage.
 {¶ 19} "If a contract is clear and unambiguous, then its interpretation is a matter of law and there is no issue of fact to be determined." Inland Refuse Transfer *Page 7 Co. v. Browning-Ferris Industries of Ohio, Inc. (1984),15 Ohio St.3d 321, 322. Here, we find no ambiguity in the underlying policy language that defines a "relative." Pursuant to the plain and unambiguous terms of the policy, Joshua is excluded as a "relative" from UM/UIM coverage because he owned a motor vehicle.
 {¶ 20} Under these facts and policy terms, we find that Joshua is not an insured as that term is defined in the policy. Accordingly, the trial court did not err in granting summary judgment in favor of American.
 {¶ 21} The sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANTHONY O. CALABRESE, JR., J., and KENNETH A. ROCCO, J., CONCUR
[1] It is undisputed that Joshua's father Rick Daily is the policy holder and the "You" as defined by the policy.
[2] It is undisputed that Joshua was driving a vehicle owned solely by him at the time of the accident and that he did not have insurance coverage. *Page 1